*J. E. McDonald* and *A. L. Roache,* for appellee.

---

Jenkins, Administrator, &c., *v.* Lemonds and Others.

Decedents' Estates.—Liability of Clerk.—After the repeal of section 105 of the act to provide for the settlement of decedents' estates, (2 G. & H. 483) by the act of *March* 4, 1853, (Acts 1853, p. 49,) there was no law authorizing an administrator to pay to the clerk money belonging to the estate, and as the liability of the sureties on the bond of the clerk extends only to the right discharge of his official duties, such sureties cannot be made liable for money thus paid to the clerk without authority of law.

APPEAL from the *Crawford* Circuit Court.

Ray, J.—This action was upon the official bond of *Lemonds,* clerk of the *Crawford* Circuit Court. The appellant alleged that he had, at various times, paid into the hands of said *Lemonds,* as clerk, funds belonging to the estate of which the appellant was administrator; that said estate was insolvent, and the court had ordered said clerk to pay over said funds to said administrator for distribution, which order said *Lemonds* had failed to comply with. A demurrer was sustained to the complaint.

The act providing for the settlement of decedents' estates, approved *June* 17, 1852, (2 G. & H. 483) provided that at the next term of the Court of Common Pleas after the

receipt of any money of the estate of any decedent, the executor or administrator should report the same to the court, and that whenever the amount of money should exceed fifty dollars, the court should order it to be paid into court, unless it was shown to have been paid out upon valid claims against the estate, which had been allowed by the court, or upon such prefered claims as he was by law allowed to pay without the same being first so allowed, and that the court might order such money loaned out. § 105, p. 515. By the 112th section, the clerk was required to make a brief statement of all payments he may have made on claims against the estate of the deceased. By an act approved *March* 4, 1853, to amend the former act, section 105, above cited, was repealed, and section 112 was so amended as to leave out the requirement that the clerk should report payments made by him for the estate. Acts 1853, §§ 8, 10, p. 49. The act of 1853 also so modified section 109 of the act of 1852 as to omit the power given to the court to require the payment of money into court by the administrator. § 9, p. 51.

The legislature had thus taken away all authority from the court to order the payment of money by an administrator or executor into court, and had left the person exercising that office of trust liable for the proper application of the funds coming into his hands as such trustee. It is true, the legislature has, long since the date of the payments made in this case to the clerk, repealed the 9th and 10th sections of the amendatory statute, but it has not repealed section 8, the repealing section; and such legislative action has not put in force the 105th section of the original act, nor could it avail the appellant if such had been the effect. That section was not in force during the time when the payments were made.

The liability of the sureties upon the bond is not to be extended by implication beyond the terms of the contract. *The United States* v. *Boyd*, 15 Peters 187; *Miller* v. *Stewart et al.*, 9 Wheat. 680. They were only liable for the failure

of the clerk to discharge his official duties. It was not his duty, nor could he, as clerk, receive the money belonging to an estate from the hands of an administrator.

The judgment is affirmed, with costs.

*J. M. Butler* and *W. Q. Gresham*, for appellant.

*L. Q.* and *C. A. De Bruler*, *H. Woodbury* and *W. H. Peckinpaugh*, for appellees.