CAREY and Others *v*. THE STATE, on the Relation of FARLEY.

COUNTY CLERK.—*Tender.*—*Principal and Surety.*—The sureties upon the official bond of a clerk of the circuit court are not liable for money paid into open court and handed to the clerk with an answer of tender and for the purpose of keeping the tender good, and for which the clerk as such gives his receipt, there being no order of the court in reference to the money.

APPEAL from the Hamilton Circuit Court.

PETTIT, C. J.—This was a suit on the official bond of the late clerk of the circuit court of Hamilton county, against the sureties only, the clerk being dead. Appellants demurred to the complaint, because it did not state facts sufficient to constitute a cause of action against them. Demurrer overruled; refusal to answer; trial by the court; finding and judgment for the appellee.

The only question presented for our consideration is this: Are the sureties liable for money paid into open court and handed to the clerk with an answer of tender and for the purpose of keeping the tender good, and for which the clerk gave his receipt as such? There was no order of the court in reference to the money.

This case was taken up by us some weeks since, and not seeing our way clear at the first examination, it was passed by for a further and better consideration, with an earnest desire to arrive at the law of the case in this State; and however clear we are that the sureties in such case ought to be liable, we are constrained to come to the conclusion that they are not. We need not enter into a long discussion of this question. The clerk is a creature of the State constitution, but his duties are defined only by statute. His bondsmen were presumed to know the law fixing their liability, when they executed the bond, and they have a right to its protection, whether they did or did not in fact know it. There is no law in this State rendering the sureties liable in such a case there being no law making it the duty of the clerk to receive such money. The court erred in overruling the demurrer to the complaint.

Judgment reversed, at the costs of the appellee. Cause remanded, &c.

*J. & W. O'Brien, T. J. Kane,* and *A. F. Shirts,* for appellants.

*D. Moss* and *W. Wallace,* for appellee.