## SCOTT ET AL. *v.* THE STATE, EX REL. ROBERTS ET UX.

**OFFICE AND OFFICER.**—*Official Bond.*—*Surety.*—*County Clerk.*—*Guardian and Ward.*—As it is not a duty imposed by statute upon a county clerk to receive money belonging to a ward from a guardian, the sureties on the official bond of the clerk are not liable for such money received by the clerk, though received pursuant to an order of the court of common pleas directing the guardian, upon resigning his trust, to deposit with the clerk the balance in his hands due to his ward.

From the Crawford Common Pleas.

*H. Woodberry, W. H. Peckinpaugh, L. Q. DeBruler,* and *C. A. DeBruler,* for appellants.

*S. K. Wolfe,* for appellees.

BUSKIRK, J.—This was an action upon the official bond of James M. Lemonds, clerk of Crawford county. The action was commenced against Lemonds and the appellants, and there being a return of not found as to Lemonds, the action was as to him dismissed.

The appellants demurred to the complaint for the want of sufficient facts. The demurrer was overruled, and they refusing to plead further, final judgment was rendered for the appellees.

The only error assigned is based upon the action of the court in overruling the demurrer to the complaint.

The complaint alleged, in substance, the election of Lemonds and the execution of his official bond; that Allen T. Fleming was the guardian of the relatrix, Lucinda; that on the 24th day of May, 1865, the said guardian submitted his report and resigned his trust, and under and in pursuance of an order then made by the common pleas court, he paid to the said Lemonds as such clerk, the sum of one hundred and sixty-eight dollars and sixty-five cents, the amount then due to his said ward; that the said Lemonds received said money in obedience to such order; that the said Lemonds never accounted for said money, but vacated his office, fled from the State, and converted the same to his own use. There is no formal objection urged to the complaint. The only question argued by counsel is, whether the appellants, as the sureties of Lemonds, are liable for the money paid to him by said guardian, under the order of the court. It is conceded by counsel for appellees that there is no statute law of the State which authorized the guardian to pay the money belonging to his ward to the clerk, or which made it the duty of the clerk to receive it, but that the court of common pleas possessed full chancery powers, and

had full power and authority to make the order requiring the guardian to pay and the clerk to receive such money,. and that such order had the force and effect of a statute making the clerk the custodian of said money.

It is, on the other hand, contended by counsel for appellants, that the contract of the sureties of Lemonds is *strict- .issimi juris;* that their liability is not to be extended by implication beyond the terms of the original obligation; that when they signed the bond of the clerk, they agreed to be responsible for the faithful discharge of his official duties— that is to say, that they would be responsible for the faithful discharge of such duties as were then or might thereafter be imposed upon him by the legislature; that this was the exact limit and measure of their responsibility; that as no law of the State imposed upon Lemonds the duty, as clerk, of receiving this money from the guardian, he did not become liable officially to pay it over to the person entitled to receive it, and that the appellants cannot be made to respond in the character of sureties, in damages, for his failure so to do, and that the court possessed no power, by its order, to extend the liability of the sureties by imposing upon the clerk a duty not imposed by law.

The precise question involved here was decided by this court in *Jenkins* v. *Lemonds,* 29 Ind. 294. That was an action upon the official bond of the same clerk for a failure to pay over money paid to him by an administrator under the order of the court. This court say: "The liability of the sureties upon the bond is not to be extended by implication beyond the terms of the contract. *The United States* v. *Boyd,* 15 Peters, 187; *Miller* v. *Stewart,* 9 Wheat. 680. They were only liable for the failure of the clerk to discharge his official duties. It was not his duty, nor could he, as clerk, receive the money belonging to an estate from the hands of an administrator." See *Smith* v. *United States,* 2 Wallace, 219; *Crews* v. *Ross,* 44 Ind. 481.

The question involved here was recently decided adversely

to the liability of the sureties, in the case of *The State, ex rel. Arnold*, v. *Givan*, 45 Ind. 267.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the complaint.