Hunt v. Milligan.

---

## HUNT v. MILLIGAN.

COUNTY CLERK.—*Partition.*—*Personal Liability for Money Received Without Official Authority.*—*Payment.*—Where a commissioner appointed by a court makes sale of real estate involved in a partition suit, and pays the proceeds thereof over to the clerk of such court for distribution to the parties interested, any one of the latter may maintain an action against such clerk personally, as for money had and received, for the portion due

him as specified in the decree of partition, and an over-payment, out of such proceeds, to another of such parties, is no defence in such action.

SUPREME COURT.—*New Trial.*—*Excessive Damages.*—*Practice.*—Where excessive damages is not assigned as cause in a motion for a new trial, the Supreme Court, on appeal, will not disturb the judgment, though it appear from the evidence that the damages assessed were excessive.

From the Parke Circuit Court.

*A. F. White* and *D. H. Maxwell*, for appellant.

*S. F. Maxwell* and *S. D. Puett*, for appellee.

PERKINS, C. J.—The main facts of this case are recited in that of *Milligan* v. *Poole*, 35 Ind. 64. Buchanan and Milligan were tenants in common, each owning an undivided half of a piece of real estate. Milligan sold his undivided half to Poole and Magill, by title-bond requiring him to make a deed to it when the half should be paid for. Poole and Magill paid eight hundred dollars, being a part of the purchase-money.

At this point Buchanan instituted proceedings for partition, making Milligan, Poole and Magill parties.

Commissioners reported the property not divisible, and it was ordered to be sold. Oldshoe was appointed to make the sale, and ordered to pay one-half of the proceeds to Buchanan, and to divide the other half between Milligan, Poole and Magill, according to their equitable interests in the half of the real estate, the proportions being specified. The commissioner, Oldshoe, sold the real estate, paid Buchanan his half, and paid the other half to Hunt, the appellant, who was then clerk of the court, to pay to Milligan.

Hunt says: " On the 21st day of September, 1871, I paid Milligan nineteen hundred dollars, and there is yet due him, under the last finding of the court, one hundred and four dollars, but having paid Magill and Poole two hundred and one dollars and sixty-eight cents, there is not enough left in my hands to pay Milligan that amount." Appellant, Hunt, has not caused this last order of the court to

be copied into the record. Hence, this court is ignorant of its terms.

This was a suit by Milligan against Hunt, for money had and received by the latter to the use of the former.

The complaint was sufficient.

The court found for the plaintiff one hundred and four dollars.

It is claimed that the law did not authorize the clerk, as clerk, to receive the money in question, and that, hence, he is not liable for it.

But the clerk received the money, not in his official, but in his individual, capacity, and in that capacity he might be liable for it to the person to whom it belonged. *The State, ex rel., etc.,* v. *Givan,* 45 Ind. 267.

If a person receives money from one man to pay to a, third, the promise, express or implied, enures to the benefit of such third person, and he may maintain an action for the money. *Beals* v. *Beals,* 20 Ind. 163; *McDill* v. *Gunn,* 43 Ind. 315.

Hunt, the appellant, in his testimony above copied, seems to admit that he had an amount in his hands belonging to Milligan; he fails to fix the amount, but says it was less than one hundred and four dollars. By our calculation, it was a little less than sixty dollars.

Excessive damages was not made a ground in the motion for a new trial.

It is claimed by the appellee, that this sixty dollars was wrongfully paid to Magill and Poole. It was a question for the court or jury trying the cause, whether, upon the evidence, the defendant was liable for this money.

Maxwell, attorney of Milligan and a witness, testified, that he notified the defendant not to pay the amount he did to Magill and Poole, before he made the payment, but told him to pay it to Milligan.

Defendant denies this statement. The court below appears to have given the case much consideration, and we can not say the judgment below was erroneous.

The judgment of the court below is affirmed, with costs.