## BOWERS, ADMINISTRATOR, *v.* FLEMING ET AL.

CLERK.—*Sureties.*—*Action on Bond for Money Paid to Clerk by Administrator.*—Neither the clerk of the common pleas court, nor his sureties, are liable on his bond, for money paid to him by the administrator of a decedent's estate.

SAME.—*Remedy.*—The remedy in such case is by an action against the clerk personally, as for money had and received.

From the Madison Circuit Court.

*H. D. Thompson*, for appellant.

*J. W. Sansberry* and *E. B. Goodykoontz*, for appellees.

·SCOTT, J.—This was an action against Fleming and his sureties, on his official bond as clerk of the Madison Court of Common Pleas.

The complaint is in the ordinary form, and alleges, as the breach of the bond, that Fleming, as clerk of said court, in December, 1871, and January, 1872, received from the administrator of Jacob Noble's estate the sum of four hundred and ninety-nine dollars and thirty-two cents, belonging to the estate of Catharine Noble; and that the relator is the administrator of the estate of said Catharine Noble.

There was a joint demurrer, by all the parties, for want of sufficient facts; also a demurrer by the defendants other than Fleming, and a separate demurrer by Fleming, for want of facts. These several demurrers were sustained, and exceptions entered, and judgment rendered against the relator, for costs. The rulings on the several demurrers are assigned as errors in this court.

The rulings as to the sureties are most amply sustained by the decisions of this court. *Scott v. The State, ex rel.*, 46 Ind. 203 ; *The State, ex rel.*, v. *Givan*, 45 Ind. 267.

The next question is, was the ruling of the court in sustaining the separate demurrer of Fleming correct? We think it was. If the plaintiff had sued Fleming for money

had and received by the latter to the use of the former, he could unquestionably have recovered. *Hunt* v. *Milligan,* 57 Ind. 141. But, as the receiving of the money was no part of his official duty, he must necessarily have received it as an individual and not as an officer, and was therefore not liable on his official bond.

We can see no error in the rulings of the circuit court.

The judgment is affirmed, with costs.