No. 11,781.

HENRY ET AL. *v.* STATE, EX REL. FRANKLIN, ADMINISTRATOR.

COUNTY CLERK.—*Conversion.*—*Official Bond.*—*Action by Administrator Upon.*
—A county clerk is liable, under section 5850, R. S. 1881, to an administrator who has paid money to him generally, in his official capacity,

to be applied on allowances made on claims filed by creditors of the estate, and such administrator can maintain an action upon the official bond of such clerk for unlawful conversion of the money so paid, upon his failure to so apply it or to pay it to his successor in office.

From the Madison Circuit Court.

W. A. Kittinger, for appellants.

M. S. Robinson and J. W. Lovett, for appellee.

ELLIOTT, J.—The complaint of the relator is founded upon the official bond executed by a former clerk of Madison county. The relator alleges that he is the administrator of the estate of Eli Hodson, deceased, and was such administrator on the 29th day of July, 1883, and on that day paid to Jesse L. Henry, then clerk, $170, to be. applied on allowances made on claims filed by creditors of the decedent's estate; that Henry did not apply the money to the payment of allowances, and, although his term of office has expired, and his successor has been inducted into office, he has not turned over the money, but refuses, although requested, to pay the money over.

The administrator represents creditors in the collection of money due the estate. He is, in such matters, the trustee of the creditors, and it is his duty to take measures to secure assets for the benefit of persons justly entitled to money from the estate. Whether the money is owing from a public officer or a private individual, the administrator has a right to secure it for the purpose of making it assets. We think it clear that the appellee has a right to maintain this action.

The complaint avers that Henry has not paid the money to any person entitled to it, but has unlawfully converted the same to his own use, "and has failed and refused to pay said sum, or any part thereof to the relator, or to the clerk of said court, or to any person entitled to the same, although often demanded and requested so to do before this suit was commenced." This averment fully charges an unlawful conversion of the money paid Henry by the relator.

The money was received by Henry in his official capacity,

Henry *et al.* v. State, *ex rel.* Franklin, Administrator.

and passed into his hands by virtue of his office. As he received the money in his capacity of clerk, he and his sureties are liable on his bond. The statute authorizes the clerk to receive money in payment of all judgments, dues and demands of record, and the allowance of the claims constituted a demand of record. R. S. 1881, section 5850. The cases cited by the appellants, *State, ex rel.,* v. *Givan,* 45 Ind. 267, *Hunt* v. *Milligan,* 57 Ind. 141, *Bowers* v. *Fleming,* 67 Ind. 541, are not in point, for the reason that the statute to which we have referred was not in existence when the money sued for in those cases was paid to the clerk. Two of the decisions were made after the statute was enacted, but the money had been paid prior to its enactment. The cases of *Board, etc.,* v. *McFadden,* 88 Ind. 333, and *Jewett* v. *State, ex rel.,* 94 Ind. 549, give substantially the same force to the statute that we here assign to it.

Whether the administrator can sue where the money is specifically paid on a designated judgment or allowance, we need not decide, for here the money was paid generally for distribution upon allowances, and there was no specific payment upon any particular claim.

It is argued that Henry had no right to make distribution of the money paid him by the administrator, and, therefore, there can be no recovery. We think this argument fallacious. If Henry had no right to make the distribution, then he ought to have refunded the money on demand. It does not follow that because he had no right to make the distribution, he had a right to convert the money to his own use. Conceding, but not deciding, that there was no right to make the distribution, still the clerk received the money under color of his office, and is liable on his bond.

Judgment affirmed.

Filed Nov. 24, 1884.