No. 1,725.

## STATE, EX REL. HALL, TRUSTEE, *v.* McGILL ET AL.

COUNTY CLERK.—*Action to Recover Money Received by Color of Office.* —*Demand.*—*Redemption Money.*—*Tax Sale.*—Money voluntarily paid to the clerk of a court, by one seeking to redeem land sold at tax sale, after the expiration of the time allowed by the court for the payment of the judgment, was received, not by virtue of his office, but by color of his office, and can not be recovered in an action on the bond of the clerk, in the absence of a showing that a demand was made therefor previous to bringing the action.

APPELLATE PROCEDURE.—*Substituted Pleading.*—*Practice.*—The Appellate Court has no power to grant leave to file a substituted pleading for one that was lost in the court below. Such relief must be sought in the trial court.

From the Clark Circuit Court.

*J. B. Merriweather* and *L. A. Douglass,* for appellant.

*M. Z. Stannard,* for appellees.

LOTZ, J.—This is an action upon the official bond of Richard C. McGill, as clerk of the Clark Circuit Court. McGill was the principal, and the appellees, Read and McCann, were his sureties. There was no service upon McGill, and the cause proceeded against the other defendants. The cause was tried by the court, which, at the request of the parties, made a special finding of the facts, and stated conclusions of law thereon.

It appears, from the findings, that the relators, *cestuis que trustent,* Jane L. Hall and another, were the owners of certain real estate situate in the city of Jeffersonville; that the same was duly sold for delinquent taxes, and that the purchaser received a tax

deed therefor, and subsequently instituted a suit against the owners for the possession thereof; that, on the trial of such proceedings, the tax deed was decreed invalid for the purpose of conveying the title, and it was further decreed that the taxes for which the sale was made, were a lien thereon, and such lien was foreclosed and six months time given the defendants therein to pay the judgment; that the judgment was not paid within that time; that the sheriff, upon a copy of the decree, duly sold the lands to one John Craig; that, within a year from such sale, Jane L. Hall, by her agent and attorney, paid to McGill, as the clerk of the Clark Circuit Court, the sum of $1,080, being the full amount of the purchase-money and interest for the redemption of such sale, and McGill executed his receipt therefor, as such clerk. The moneys were not applied to the redemption of such lands. McGill's term of office expired, and his successor took possession thereof. He did not turn over the moneys so received, to his successor, nor has he ever paid it to any one for Jane L. Hall. Nor did his successor ever demand the moneys from him. The findings are silent as to whether Jane L. Hall, or any one for her, ever demanded a return of the money from McGill, or from his bondsmen. Nor is there any finding that McGill converted the moneys to his own use. Nor are there any facts found which would excuse a demand.

The court stated, as a conclusion of law, that the moneys were received by McGill, not by virtue of his office, but by color of his office, and that his bondsmen were not liable.

The appellant excepted to this conclusion, and this exception presents the only question for consideration on this appeal.

It is made the duty of the clerk of the circuit court

to receive moneys for the redemption of real estate, sold under execution. Section 780, R. S. 1894 (768, R. S. 1881). But sales made on the foreclosure of tax liens form an exception to this rule. The revenue laws of this State do not contemplate a redemption from such sales. It was so adjudged by the Supreme Court in reference to the same real estate named in this action. *Hall* v. *Craig*, 125 Ind. 523.

By section 7936, R. S. 1894 (5850, R. S. 1881), it is provided that "The clerks of the several courts throughout this State are hereby authorized to receive moneys in payment of all judgments, dues and demands of record in their respective offices, and all such funds as may be ordered to be paid into the respective courts of which they are clerks, by the judges thereof; and said clerks, with their sureties, shall be liable, on their official bonds, for all moneys so received by said clerks, and so paid into such courts under the order of the judges thereof, to any person who may be entitled to demand and receive such money or the funds from them."

Prior to the enactment of the above section, it was uniformly held that, as the clerk was not authorized to receive moneys, his sureties on his official bond were not liable for moneys received and converted or lost by him. *Jenkins, Admr.,* v. *Lemonds,* 29 Ind. 294; *Dœpfner* v. *State, ex rel.,* 36 Ind. 111; *Carey* v. *State, ex rel.,* 34 Ind. 105; *State, ex rel.,* v. *Woodman,* 36 Ind. 511; *State, ex rel.,* v. *Givan, Admr.,* 45 Ind. 267; *Bowers, Admr.,* v. *Fleming,* 67 Ind. 541.

There was no judgment of record upon which the payment could be made, nor was the money ordered to be paid to the clerk by the judge of the court, and there was no law authorizing the redemption. The appellees insist that a payment made to the clerk, and his receipt of the money, under such circumstances,

was not an official act at all, and that his bondsmen could not be liable, under the decisions last above cited.

The act of the clerk, in receiving the money, was one done, not by virtue of his office, for there was no law authorizing it; but it was one done by color of his office. He assumed to and did the act as the clerk.

The authorities are all agreed that, for an act done by virtue of the office, the officer must answer upon his bond. But, when an act is done by color of office, the decisions are not in harmony. The weight of authority seems to be, that, for an act done by color of office, the officer must answer upon his bond. See Mecham Public Officers, sections 282, 283 and 284, and cases cited in notes. *Commonwealth* v. *Cole*, 7 B. Mon., 250, 46 Am. Dec. 506, and note. And this seems to be the trend of the more recent decisions in this State. *Henry* v. *State, ex. rel.*, 98 Ind. 381; *State, ex rel.*, v. *White*, 88 Ind. 587 (593); *State, ex rel.*, v. *Walford*, 11 Ind. App. 392.

It appears, from the findings, that the money was voluntarily paid to the clerk. He was not in duty bound to pay it to his successor in office. It is true that it was his duty to restore it to Jane L. Hall, but no demand was ever made upon either him or his bondsmen; nor is there any finding that McGill converted the money to his own use. Money voluntarily paid under a mistake of law, without fraud or mistake of fact, ordinarily cannot be recovered back, and in the exceptional cases, no cause of action arises until a demand is made. *Thompson* v. *Doty*, 72 Ind. 336. Surely, the sureties on the bond ought not to be compelled to pay costs of suit until they have had an opportunity to pay upon demand.

The facts found are wanting, in an essential ele-

ment, to constitute a cause of action.    The judgment rendered upon the findings was right.

Judgment affirmed.

Filed May 12, 1896.

*Per Curiam*:  The appellant presents a motion to be permitted to substitute an amended complaint, the original of such amended complaint having been lost, as shown by affidavits submitted.    The object of the motion is to place the record in condition to enable the appellant to move for a writ of *certiorari*, it being asserted that the amended complaint is not correctly copied into the transcript by the clerk.    We are of opinion that this court has no power to grant leave to file substitute pleadings that were lost in the court below, but that the appellant must seek relief in the trial court.    Motion overruled.

Filed June 6, 1895.