HOLTSCLAW ET AL. v. THE STATE OF INDIANA, EX REL. TOWN OF KNIGHTSTOWN.

[No. 7,049.   Filed June 23, 1910.]

1. MUNICIPAL CORPORATIONS.—*Unlawful Payments.*—*Mistakes of Law.*—If a municipal corporation could be bound by an unlawful payment it would have to be made by an allowance in the usual order for the payment of the debts of such corporation. p. 240.

2. PAYMENT.— *Voluntary.*— *Fees and Salaries.*— *Towns.*— *County Auditors and Treasurers.*—Where a county auditor drew two warrants for the taxes due to a town—one for ninety-eight per cent thereof, and one for two per cent—and the town treasurer delivered back the one for two per cent in payment for alleged fees for collecting, the county treasurer paying such two per cent warrant is liable therefor upon his official bond, no voluntary payment existing. p. 240.

3. FEES AND SALARIES.—*County Auditors.*—*County Treasurers.*— *Collection of Taxes for Towns.*—Neither the county auditor, the county treasurer, nor the county, is entitled to a fee for the collection of town taxes. p. 241.

4. PAYMENT.—*To Wrong Person.*—*County Treasurers.* — *Town Taxes.*—A county treasurer is liable for the payment of a county order to the wrong person. p. 241.

5. OFFICERS.—*Towns.*—*Assignment of County Orders for Taxes.*— A town treasurer has no authority to assign a county order drawn in his favor for town taxes. p. 241.

6. PAYMENT.—*County Orders.*—*Presumptions.*—A county treasurer is conclusively presumed to know that no fee can be charged by county treasurers nor county auditors, nor the county, for the collection of town taxes by them. p. 241.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Action by The State of Indiana, on the relation of the Town of Knightstown, against John O. Holtsclaw and others.

From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Forkner & Forkner, Eugene H. Bundy* and *N. G. Jones,* for appellants.

*Floyd J. Newby* and *James L. Shelton,* for appellee.

RABB, J.—This action was brought by relator against appellants, upon the official bond given by appellant Holtsclaw, as treasurer of Henry county, to recover the alleged wrongful payment by said Holtsclaw to a person not entitled thereto, of funds in his hands as such treasurer, and belonging to relator. Issues were formed, a trial had, a special finding of facts made, and conclusions of law stated thereon, and upon the special finding and conclusions of law judgment was rendered in favor of appellee.

It appears from the pleadings and special finding of facts that, under the provision of the statute authorizing such action, the taxes levied by the proper municipal officer of the relator were extended by the auditor of the county upon the county tax duplicate, and collected by appellant Holtsclaw, as county treasurer, and that, upon the distribution of the taxes so collected, the county auditor drew two warrants, each payable, as the law required in such cases, to the treasurer of the town of Knightstown; one of said warrants being for ninety-eight per cent of the amount of funds due to the town on such distribution, and the other for two per cent of said amount. Both of these warrants were duly delivered by said auditor to the treasurer of said town, and the one for ninety-eight per cent of the amount of funds due to the town was retained by the town treasurer, presented by him for payment, and the money duly paid to him by appellant Holtsclaw. The other warrant, for two per cent of said fund, was delivered by said town treasurer to the auditor of the county, and was by him presented to the county treasurer for payment, and the money due thereon paid to him, and afterwards divided between said auditor and said appel-

lant Holtsclaw. The officers of both the town and the county labored under the mistaken belief that two per cent of said fund was due to the said auditor and treasurer, and allowed them by law as fees and commissions for their services in extending the taxes on the duplicate and collecting them. All of said officers acted in good faith, intending by such proceedings to pay the fees and commissions which they understood were allowed to said auditor and treasurer for their said services.

As grounds for reversal of the judgment, it is insisted by appellant (1) that there can be no recovery upon the facts shown, because the relator voluntarily paid the officers the two per cent commission, under a mistake of law and not of fact; (2) that upon the facts shown the town was liable to the county for the two per cent commission, and that if a cause of action exists against the officers it is in favor of the county, not the town; (3) that no breach of the bond is shown, for the reason that the payment was regularly made upon a warrant duly and regularly issued, and that if any right of action exists, it is against each of the officers personally for the money obtained by him belonging to the town; (4) that, conceding liability, the conclusion of the court, that appellants were liable for the full amount of the warrant, is error; that the proper measure of liability would be the amount of money actually received by appellant Holtsclaw.

We will consider the questions thus presented in their order.

If a municipal corporation could be bound by the voluntary payment of an illegal claim made against it—a question we do not decide—it would be essential that the claim should have been allowed and ordered paid by the proper municipal officers of the town, those who are clothed by law with the authority to order claims paid. This is the only manner in which a municipal corporation can pay out money belonging to it. Here no payment was made by the town, voluntarily or other-

wise, and hence no question of voluntary payment is presented.

That neither the auditor, the treasurer, nor the county, is entitled to receive payment for the services of the auditor and treasurer in connection with the collecting of 3. taxes of an incorporated town within the county, is thoroughly settled by the decision of the Supreme Court in the case of *Town of Paoli* v. *Charles* (1905), 164 Ind. 690, and therefore, appellants' second contention cannot prevail.

The gist of appellee's action lies in the fact that appellant Holtsclaw paid the warrant, duly issued in favor of 4. the town, to a person who was not authorized to receive the money.

The town treasurer has no authority to assign, either by writing, delivery or in any other manner, a warrant drawn in his favor by a county auditor upon the county 5. treasurer for funds due the town, nor can payment of said warrant be legally made by the county treasurer to any person but the duly authorized officer of the town.

Appellant Holtsclaw was bound to know the law. He was conclusively presumed to know that no fee or commission could be charged against the town for collecting the 6. taxes in question. He did, as a fact, know that the person who presented the two per cent warrant, and to whom he paid the money, was not the treasurer of the town of Knightstown, and he was therefore conclusively presumed to know that the person to whom he made such payment was not authorized by the town to receive it, and that such payment was a violation of his official duty, and a breach of his bond; and the fact that the warrant was duly issued in nowise alters the case. The breach of 4. the bond complained of was his payment of the money to one who had no right to receive it. A clear breach

of the bond was shown, and it necessarily followed that the liability incurred was not measured by the amount of money actually received by the county treasurer in mistaken payment for his services, but the amount that he paid on the warrant: We find no reversible error in the record.

The judgment of the court below is affirmed.