MACKEY v. LAFAYETTE LOAN AND TRUST COMPANY ET AL.

[No. 9,690. Filed January 24, 1919. Rehearing denied April 24, 1919.]

1. APPEAL.—*Questions Reiewable.—Ruling on Demurrer.—Record.* —No question is presented for review as to the ruling on the demurrer to a paragraph of complaint, where the record contains only a copy of such paragraph made from the office copy of counsel in the case, and the record does not show that such substitution was authorized by the trial court under the provisions of §388 Burns 1914, §379 R. S. 1881. p. 61.

2. MASTER AND SERVANT.—*Injuries to Servant.—Dangerous Occupation Act.—Construction.—Scope.*—Section 4 of the Dangerous Occupation Act (Acts 1911 p. 597, §3862a *et seq.* Burns 1914), making it the duty of all owners, contractors and subcontractors engaged in the construction of any building to see that all scaffolding, appliances, etc., are carefully selected and tested for the safety of employes, applies only to the particular person in charge of the work, and does not take away the independent-contractor defense. p. 65.

3. MASTER AND SERVANT.—*Injuries to Servant.—Employe. of Independent Contractor.—Liability for Injury.*—Where an employe of a subcontractor was injured by the falling of a defective scaffold, which had been constructed by a fellow servant and the foreman employed by the subcontractor, the injured employe could not recover against the owner and general contractor in an action based on §4 of the Dangerous Occupation Act (Acts 1911 p. 597, §3862a *et seq.* Burns 1914), where it affirmatively appeared from the complaint that plaintiff's employer was an independent contractor, and no facts were alleged showing that defendants were guilty of personal negligence causing the injury. p. 65.

4. ·PLEADING. — *Complaint.* — *Allegations.* — *Conclusions of Law.*— In an action against the owner of a building and the general contractor in charge of its construction by an employe of a subcontractor, who was injured by the falling of a scaffold, allegations in the complaint that it was the duty of defendants to see that the material used in the construction of the scaffold was carefully selected and tested, and that the scaffolding was properly constructed, were mere conclusions of law, where no facts were stated from which the duty arose.  p. 67.

5. MASTER AND SERVANT.—*Injuries to Servant.*—*Independent Contractor.*—*Injury to Employes.*—*Liability.*—Mere knowledge that, in the construction of a building, a scaffold would be necessary and permission to build it, on the part of the owner and the general contractor, is not sufficient to make them liable for injuries sustained by an employe of an independent subcontractor injured by the fall of a scaffold erected by such subcontractor, in the absence of facts pleaded showing a duty on the part of the owner and the general contractor to inspect and test the material used, etc.  p. 67.

From Tippecanoe Circuit Court; *Charles A. Burnett,* Judge *pro tem.*

Action by Charles Mackey against the Lafayette Loan and Trust Company and others.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Henley, Fenton & Joseph* and *Henry Abrams,* for appellant.

*Alfred C. Evans* and *Kumler & Gaylord,* for appellees.

NICHOLS, J.—This is an action for damages for personal injuries sustained by the appellant while engaged as a servant in the work of constructing a building owned and being built for appellee Lafayette Loan and Trust Company by the general contractor, appellee Alva E. Kemmer.

The appellant filed his complaint in two paragraphs making as defendants thereto Mesker Brothers and the Griffith Iron Works, and appellees Lafayette

Loan and Trust Company and Alva E. Kemmer. Afterward the appellant filed a written dismissal as to defendants Mesker Brothers and the Griffith Iron Works.

The appellees each filed separate demurrers to each paragraph of the appellant's complaint, citing as cause that neither paragraph of the complaint states facts sufficient to constitute a cause of action. The trial court sustained each of the demurrers to each paragraph of the appellant's complaint. The appellant thereupon elected to stand upon his complaint and each paragraph thereof and the ruling of the court on the demurrers thereto.

Judgment was rendered for the appellees on said demurrer, and that the appellees have and recover from appellant their costs. From this judgment the appellant appeals.

The record presents no question as to the first paragraph of the complaint for the reason that such first paragraph is not in the record, but only "a full, true and complete copy of the first paragraph of the complaint * * * as the same appears from office copy of the counsel in the case." If such first paragraph was lost, the trial court might have authorized a copy thereof to be filed and used instead of the original; but such substitution must be in the trial court and by proper proceedings in accordance with the method given by the statute. §388 Burns 1914, §379 R. S. 1881; Elliott, App. Proc. §596; *Davis* v. *Talbot* (1897), 149 Ind. 80, 47 N. E. 829; *Ross* v. *Stockwell* (1897), 17 Ind. App. 77, 46 N. E. 360; *State, ex rel.* v. *McGill* (1895), 15 Ind. App. 289, 40 N. E. 1115, 43 N. E. 1016. As appears from the record, there was no order of substitution in this case.

It is averred in the second paragraph of the complaint, in substance, that the appellant was on September 1, 1914, in the employ of the defendant Griffith Iron Works, and engaged in the work of assisting in the erection of a certain building located in the city of Lafayette, Indiana; that appellee Lafayette Loan and Trust Company was the owner of and was causing said building to .be erected on which appellant·was at the time at work; that the Mesker Brothers Iron Works was a subcontractor engaged in the work on said building; that appellee Kemmer was a general contractor employed by the owner of said building to erect and complete the same, *and that the appellant was on said September 1, 1914, in the direct employ of the said defendant Griffith Iron Works;* that the said defendant Griffith Iron Works was a sub-·contractor in the employ of the defendant Mesker Brothers Iron Works, and that the said Mesker Brothers Iron Works was a subcontractor under the general contractor, the appellee Kemmer; that on said date the appellant and one Morris, while employed on the work of said building as aforesaid, were working between the second and third floors of the building on a scaffold which had been built by one Wittworth, a working man and an employe of the said defendant Griffith Iron Works, and by one Miller who was in charge of the work for the defendant Griffith Iron Works; that said appellee Kemmer, on August 18, 1913, entered into a written contract with appellee Lafayette Loan and Trust Company for the erection of said building, by virtue of which appellee Kemmer agreed to provide all the materials and perform all work for the complete erection of said building; that appellees knew at the time the contract

was entered into that it would be necessary for the
prosecution of said work of erecting and construct-
ing said building, and the various parts thereof, to
build and erect, or cause to be built and erected, cer-
tain scaffolding upon and about which workmen and
employes working and employed in the building and
in the construction of said building would be com-
pelled to work in the necessary prosecution of said
work; that it was the duty of appellees to see that
whatsoever material was used in the construction of
any scaffolding was carefully selected, inspected and
tested so as to exclude defects and dangerous condi-
tions arising from the failure so to do, and to see that
all such scaffolding was accurately constructed to
bear all weight, and to meet the requirements for
which it was being used, with safety to the persons
required to use the same, and to inspect and know that
any scaffold erected for the purpose of constructing
the building should be a proper and safe one.   That
the appellees, disregarding their duty in that behalf,
*permitted* scaffolding to be erected in a negligent and
unsafe manner and of improper and unsafe materials;
that the appellant had no part in the erection of such
scaffolding and that he was told by the said Miller,
the foreman as aforesaid, that said scaffolding was
safe and secure.   The defendants well knew that said
scaffolding was unsafe, insufficient and unsecure, or
might have known the same by exercising due care
as imposed by law upon said defendants in this re-
gard; that on said September 1, 1914, while engaged
to assist in the construction of said building, he was
ordered and directed by the foreman in charge of
said work to go upon said scaffold, and while he was

standing upon the same, without any negligence on his
part, but solely on account of the negligence and care-
lessness of said defendants in *permitting* said scaf-
fold to be so negligently constructed as aforesaid, the
scaffold broke and gave way, and the appellant fell
a great distance to the ground below, by reason of
which he was injured, for which he seeks damages.

The court is informed by appellant's brief that the
second paragraph of complaint is expressly based
upon the violation of the "Dangerous Occupation
Act" of 1911, and that it is drawn upon that theory.
(Acts 1911 p. 597, §3862a *et seq.* Burns 1914.) Sec-
tion 4 of this act, being the section involved in this
suit, provides as follows: "It is hereby made the duty
of all owners, contractors, subcontractors, * * *
engaged in the * * * construction * * * of
any building, * * * to see and to require that all
* * * rope, * * appliances, * * * con-
trivances * * * are carefully selected, inspected
and tested, so as to detect and exclude defects
and dangerous conditions, and that all scaffolding,
* * * and all contrivances used, are amply, ade-
quately and properly constructed * * *; and, gen-
erally, it shall be the duty of all owners, * * *
contractor, subcontractor, and all other persons *hav-
ing charge of, or responsible for any work,* * * *
involving risk or danger to any employees, * * *
to use every device, care and precaution which it is
practicable * * * to use for the protection and
safety of life, limb and health, * * * without re-
gard to additional cost, * * * the first concern
being safety to life, limb and health."

It will be noted that the provisions of this section

apply only to owners, contractors and subcontractors *engaged* in the construction of any building,
2. and to the owners, contractors and subcontractors and all other persons *having charge of, or responsible for, any work involving risk or danger to employes.* The act has been construed by the Supreme Court of Indiana in the case of *Leet* v. *Block* (1914), 182 Ind. 271, 106 N. E. 373. From this decision we quote as follows: "Does the act of 1911 impose on the owner and contractor such duties of testing and inspecting as to deprive each of them of the independent contractor defense? We are of the opinion that the question must be answered in the negative. The act evinces no legislative intent to impose a duty of testing and inspecting appliances except on the particular owner, contractor, or subcontractor who has 'charge of' or is 'responsible for' the work, etc., in question. While the act does materially change the common-law duties of the employer and impose on him greater obligations in relation to the safety of employes, it was not the legislative purpose to make the owner liable for an injury occurring to an employe of a contractor or subcontractor because of the latter's negligence, in cases where the owner lets a contract for the particular work, without reserving any control over the manner of the work or the character of the appliances used."

Following this construction of the section in question, it is evident that unless the appellees had charge of, or were responsible for, that part of the
3. work, in the construction of said building in which the appellant was employed at the time of his injury, there was no duty incumbent upon them or either of them to inspect and know that the scaf-

fold in question was a proper and safe scaffold and on which the appellant might perform his work in safety.

Does it appear by the complaint that either of the appellees had charge of, or were in any way responsible for, that part of the work of construction in which the appellant was at the time of his injury employed? We think not. On the contrary, it is averred in the complaint that appellee Lafayette Loan and Trust Company was the owner, and as such had entered into a contract of construction with appellee Kemmer, and it does not appear by the contract that such owner reserved to itself any right or control over the manner in which the work should be prosecuted; nor is there any allegation in the complaint that the said owner did in any manner supervise the work of construction. Further, it is averred in the complaint that Mesker Brothers Company was a subcontractor of appellee Kemmer, and that the Griffith Iron Works was a subcontractor of Mesker Brothers Iron Company, and that the scaffold, the faulty construction of which caused appellant's injury, was constructed by one Wittworth, a working man, and by one Miller, foreman, both in the employ of the Griffith Iron Works. There is no averment in the complaint that either of the appellees in any manner directed or assumed charge of the work in which the Griffith Iron Works was engaged, or that either of the appellees directed as to the construction of the defective scaffold. It was the foreman of the Griffith Iron Works that told appellant that the scaffold was safe, and it was this same foreman, while in charge of said work, that ordered appellant to go upon it. From these facts, it affirmatively appears

that the Griffith Iron Works was an independent contractor as to each and both of the appellees, for whose acts of negligence the appellees are not liable.

In order to make appellees liable to appellant, there must have been some act or acts of personal negligence on their part, as a result of which appellant received his injuries. We find no such averment in the complaint. It is averred in the complaint that it was the duty of appellees to see that whatsoever material that was used in the construction of any scaffolding was carefully selected, inspected and tested, so as to exclude defects and dangerous conditions arising from a failure so to do, and to see that such scaffolding was amply, adequately and properly constructed; but there are no facts stated from which such duty arose, and therefore the averment becomes a mere conclusion of law, and without force. 12 Ency. Pl. and Pr. 1044. It is averred in the complaint that appellees *knew* that in the construction of the building it would be necessary to erect scaffolding, and that they *permitted* the defective scaffold to be erected in a negligent and unsafe manner, and of unsafe and improper materials. But mere knowledge and permission are not sufficient to make the appellees liable, unless it further appears from the facts pleaded that they owed a duty to appellant to inspect and test the material used, and to direct the manner of constructing the scaffold, and no such facts are pleaded. *Maenner* v. *Carroll* (1876), 46 Md. 193.

The ruling of the trial court in sustaining of demurrers to the second paragraph of the complaint was not error.

Judgment affirmed.