HART ET AL. *v.* STATE EX REL. EMMERT,
ATTY. GEN. OF STATE OF INDIANA

[No. 17,663.   Filed October 27, 1948.]

520

Oscar C. Strom and William S. Spangler, both of Indianapolis, attorneys for appellants.

Cleon H. Foust, Attorney General, Frank E. Coughlin, First Deputy Attorney General, and George W. Hadley, Deputy Attorney General, all of Indianapolis, attorneys for appellee.

DRAPER, P. J.—This is an action brought pursuant to § 60-237, Burns' 1943 Repl., by the State of Indiana, on the relation of the Attorney General, against Frank M. Hart, Jr. and The Century Indemnity Co., surety on his official bond, to recover for the use and benefit of Jasper County, Indiana, certain funds collected by Hart while Auditor of Jasper County and not accounted for by him.

The bond was conditioned that Hart should faithfully perform the duties of his office, and account for and pay over to the person authorized by law to receive the same all moneys that may come into his hands in his official capacity, etc.

The misconduct alleged against Hart as Auditor of Jasper County may be summarized as follows:

1. He received from the Auditor of Lake County a warrant payable to Jasper County in the amount of $572.06 in payment of change of venue costs due Jasper County, and converted said warrant and the proceeds thereof to his own use.

2. He drew a county warrant in favor of one Swezy for $50 and one in favor of Jasper County hospital for $24 and instead of delivering the same to the payees, he cashed the same and converted the proceeds to his own use.

3. He received divers sums of money to which Jasper County was entitled as payment of principal and interest on school fund loans, made by Jasper County, and other moneys payable and owing to Jasper County, which he failed to account for and pay over to the treasurer of said county or any county fund, but retained and converted to his own use.

A demurrer to the complaint was overruled and trial to the court resulted in a finding and judgment against Hart and the company for the full amount plus interest.

Motion for new trial was overruled and the defendants appeal, assigning as error the rulings on the demurrer and motion.

The questions raised by the demurrer and the motion are for all practical purposes identical. They have been so briefed and will be so treated in this opinion. The substantial question presented is whether the surety company is responsible under the bond for the misconduct alleged and proved against Hart, the principal on the bond.

As to the first item, it was Hart's statutory duty to receive and immediately pay the warrant into the Jasper County treasury, and transmit to the auditor of Lake County the quietus thereof. Burns' Stat., § 2-1418.

The evidence discloses that Hart received the warrant which was payable to his order, and that he and the treasurer endorsed it. Hart asked the treasurer to send the deputy treasurer to the bank to cash it for him—Hart. Pursuant thereto the deputy treasurer took it to the bank and cashed it and immediately returned to the courthouse and handed the cash proceeds to Hart, who failed to account for them. No application to pay, quietus or treasurer's receipt in connection with this transaction could be found among the records, nor do the auditor's records show it as having been disbursed by him.

Appellants' position with respect to this item is that Hart did not illegally receive the warrant, and under the facts he did not illegally retain it; that when he received the proceeds of the warrant from the deputy treasurer he received them without authority of law and in his individual capacity and the surety is not liable. Hart did lawfully receive the warrant, and it

was his duty to pay it into the county treasury of Jasper County. Whether he did so or whether he embezzled it was a question of fact to be determined. From the evidence it would appear that he did not deliver it to the treasurer with the intention and expectation of relinquishing it and leaving it with the treasurer, but on the contrary so delivered it with the request, intention, expectation and for the sole purpose of having the warrant endorsed and cashed so that the proceeds could be returned to him, which they were. We cannot say as a matter of law that his manipulations constituted payment into the treasury of the county, particularly in view of his failure to make or require any proper record which would indicate that the transaction was actually one of payment. To do so would be to ignore realities. We think the trial court was justified in finding that the transaction did not satisfy the requirements of the statute regarding payment to the treasurer.

As to the second item the appellants admit Hart was authorized to draw the warrants, but insist that, when Hart cashed them and kept the proceeds, he did so without authority of law and the surety is therefore not liable. Hart's duty was to deliver the warrants to the payees, to the end that they would receive the county funds represented thereby. He failed to discharge that duty. Instead, he somehow cashed the warrants and converted the proceeds to his own use. In *Holtsclaw* v. *State, ex rel.* (1910), 46 Ind. App. 238, 92 N. E. 121, it appeared that a county treasurer paid a warrant, duly issued in favor of a town, to a person to whom he was not authorized to pay it and who was not authorized to receive the money. The proceeds were divided between them. No moral turpitude was involved. Such conduct was held to be a

breach of his bond and the surety was held to be liable. In this case Hart, who was entitled to none of the money, kept all of it, and he and his surety were properly held liable on this item.

The third item falls in a different category. The general rule is that the engagement of the surety on an official bond extends only to the failure of duty in respect to official acts to be performed by virtue of the trust reposed in the officer. *State ex rel. Abdiehl* v. *Sriver* (1936), 210 Ind. 129, 1 N. E. 2d 579. At the time of these transactions the moneys involved in this item were payable to the county treasurer. The auditor had no authority under the law to collect or receive them, and the collection or receipt of those funds was in no way connected with the duties of his office. It has been repeatedly held that the surety is not liable for moneys received outside the official duties of such an officer, for such are necessarily received as an individual and not as an officer. *Jenkins, Administrator, etc.,* v. *Lemonds and Others* (1868), 29 Ind. 294; *The State ex rel. Arnold,* v. *Givan, Adm'r.* (1873), 45 Ind. 267; *Scott et al.* v. *The State, ex rel. Roberts et ux.* (1874), 46 Ind. 203; *Carey and Others* v. *The State, on the Relation of Farley* (1870), 34 Ind. 105; *Bowers, Administrator* v. *Fleming et al.* (1879), 67 Ind. 541. When Hart accepted these payments he was acting as the agent of the payors, and the latter's obligations to the various funds were not discharged. *Sherrick* v. *State* (1906), 167 Ind. 345, 79 N. E. 193; *Hart* v. *State of Indiana* (1942), 220 Ind. 469, 44 N. E. 2d 346. The county therefore suffered no loss, which fact of itself would prevent a recovery on this item. *State ex rel. Parks* v. *Hughes et al.* (1898), 19 Ind. App. 266, 49 N. E. 393.

The appellee, however, says the acts were done *colore officii;* that the surety is therefore liable; and he relies strongly on *State ex rel. Penrod* v. *French, Sheriff* (1944), 222 Ind. 145, 51 N. E. 2d 858, to sustain his position. That was an action against one French, as sheriff of Wells County, and the surety on his official bond, growing out of the unlawful arrest and detention of one Penrod. The Supreme Court held that the surety on the sheriff's bond was liable for the acts of the sheriff done under color of office. But the reasoning of the court in that case could not logically be applied to this case, and moreover the court was careful to note a clear distinction between that case and cases where a county official receives and embezzles money which the law did not authorize him to receive as such county official.

No good purpose would be accomplished by a new trial. Cause remanded with instructions to enter a judgment in keeping with the views herein expressed.

Hamilton, J., not participating.

Royse, C. J., concurs in part and dissents in part.

NOTE.—Reported in 81 N. E. 2d 696.

---

ROYSE, C. J.—(*Concurring in part & dissenting in part*)—I cannot agree with the conclusion reached by the majority as to the first item referred to in their opinion. I feel the evidence in the record leads inescapably to the conclusion that Hart fully performed his duty under the law when he turned this warrant over to the Treasurer of Jasper County. The fact that Hart subsequently personally induced the Treasurer to violate his (the Treasurer's) official duty was not, in my opinion, an official act of Hart. Therefore, I do

not believe his surety can legally be held liable for the misconduct of the Treasurer.

I agree with the majority opinion on the other two items.

NOTE.—Reported in 81 N. E. 2d 696.