IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1844, IN THE TWENTY-EIGHTH
YEAR OF THE STATE.

---

## MULLIKIN and Others *v.* THE STATE.

A plea which professes to answer the whole cause of action, but answers
only a part, is bad.

An agent of the surplus revenue is bound to pay the interest received by him
as such agent to the school-commissioner, without demand.

The act of the 15th of *February*, 1841, by which the agents of the surplus
revenue were continued in office, was a new appointment; and for the sub-
sequent defalcations of any such agent, his sureties in a bond given pre-
viously to such appointment are not liable.

ERROR to the *Fayette* Circuit Court.

*Monday,*
*May 27.*

SULLIVAN, J.—Debt by the state against the plaintiffs in
error on the official bond of the agent of the surplus revenue
for *Fayette* county.

The declaration states that at the *May* term, 1840, of the
board of commissioners of *Fayette* county, *Mullikin* was ap-
pointed the agent of said fund; that he took the oath of office
and entered into bond according to law; and that he re-
ceived from his predecessor in office a large sum of money,
to wit, the sum of 10,500 dollars, &c. The breaches are,
first, That on the —— day of ———, 1841, one *William
Watton* was, by the board of commissioners of *Fayette*

county, appointed to succeed *Mullikin* in said agency; that he demanded of him the moneys, &c., in his hands appertaining to said agency, but that *Mullikin* wholly failed and neglected to pay the same to said *Watton*, and still fails, &c. Secondly, That *Mullikin* failed and refused to pay over a large amount of interest money, to wit, the sum of 1,500 dollars, received by him as such agent, to the school-commissioner of the county of *Fayette* so soon as the same was received by him, or at any time thereafter, although there was at all times a school-commissioner in said county authorized to receive it, &c.

The defendants pleaded six pleas. The second and sixth pleas were demurred to. The second plea professed to be an answer to the whole declaration, but was an answer only to the first breach. The demurrer to it was therefore correctly sustained. The sixth plea was to the second breach only, and averred that the school-commissioner had not demanded of *Mullikin* the interest money in his hands, &c. The Court did right also in sustaining the demurrer to that plea. By the statute, it is made the duty of the agent to pay over to the school-commissioner the interest money that may come to his hands so soon as it shall be received by him. The agent is but the collector of the interest arising on the loans; the school-commissioner is the officer to whom its safe keeping is intrusted. If the agent fails to pay over according to the statute, he is guilty of a breach of his bond, and a demand is not necessary before suit brought.

On the first, third, fourth, and fifth pleas issues were formed, and a verdict was given for the plaintiff. Final judgment was thereupon rendered against the defendants.

At the trial, the defendants asked the Court to give to the jury the following instructions, viz.: If the jury cannot form any conclusion from the evidence, whether the money which was received by *Mullikin* as such agent, and which he failed to pay over, was received by him before the expiration of his term of office or afterwards, they should not find against his sureties the amount so received. 2. If *Mullikin* was appointed agent, &c., by the board of county commissioners in *May*, 1840, to fill out the term for which *Samuel Reese* was

appointed by the legislature at its preceding session for one year, and until his successor should be appointed and qualified, and the bond sued on was executed by *Mullikin* and the other defendants as his sureties, and at the session of the legislature next following, *Mullikin* was continued in office as such agent by an act of the legislature, and acted under such re-appointment, his sureties are not liable for any moneys that came into his hands under and after such re-appointment; and if the jury cannot determine from the evidence whether the money which *Mullikin* received and failed to pay over, came into his hands before or after such re-appointment, they should not find a verdict against the sureties for the money so received.

To understand the relevancy of the instructions, it is necessary to advert to the facts of the case. On the 24th of *February*, 1840, *Samuel Reese* was appointed by the general assembly the agent for loaning and managing the surplus revenue, for the county of *Fayette*, for the term of one year from the first day of *March*, 1840, and until his successor should be appointed and qualified. *Reese* refused to accept, whereupon the board of county commissioners at the *May* term, 1840, appointed *Mullikin* to fill the vacancy. *Mullikin* accepted the appointment, and was qualified by taking the oath of office, and, with his sureties, executing the bond on which this suit is brought. By the act of *February* the 15th, 1841, (Acts of 1841, p. 192,) the agents then in office in the several counties in the state were continued in office so long as their services might be needed, and power to fill any vacancy that then existed or which might thereafter occur was conferred upon the board of county commissioners; and it was provided that all agents so appointed should be qualified to discharge their duties according to the laws then in force, &c. Previously to the act of *February* the 15th, 1841, the appointment of agents to loan and manage the surplus revenue fund in the several counties, was annually made by the general assembly.

It appeared in evidence, on the trial of the cause, that *Mullikin* continued to act as agent after the 1st day of *March*, 1841, and until the month of *January* following, when he was superseded by *William Watton*, by virtue of an appointment

from the board of county commissioners; that no new bond was given; that *Mullikin* and *Watton*, soon after the appointment of the latter, accounted together of the amount of money, &c., in the hands of the former, from which it appeared that there was a large sum of money in his hands; that he failed and refused to pay the same over, &c. There was no testimony to show, whether the money came to the hands of *Mullikin* previously, or subsequently, to the 1st of *March*, 1841.

We think it very clear that the instructions asked should have been given. At the time *Mullikin* was appointed, his term of office would expire on the 1st day of *March*, 1841; and the bond sued on was given to secure the faithful performance of his duties until that period, and until his successor should be appointed and qualified. The statutory appointment under which he acted after the 1st of *March*, 1841, was a new commission, and although no additional duties were imposed, the appointments, in their tenure, were essentially different. The first was an annual appointment, the second was one of unlimited duration. A surety cannot be bound beyond the scope of his engagement, and his undertaking is to be strictly construed.

*Mullikin* having continued to act as agent after the 1st of *March*, 1841, must be viewed as acting under the law which continued him in office. For any defalcations, therefore, that happened after that period, his sureties in the bond now sued on are not liable. *United States* v. *Kirkpatrick*, 9 Wheat. 720.—*Leadley et al.* v. *Evans*, 2 Bing. 32.—*Peppin* v. *Cooper*, 2 B. & Ald. 431.—*Rany* v. *The Governor*, 4 Blackf. 2.

Objections were made by the defendants to the testimony of *Watton* and other witnesses, which were overruled by the Court, but which, on account of its irrelevancy, should have been sustained. The testimony was offered to prove a deficit in the accounts of *Mullikin* at the time he accounted with *Watton*, that is, in *January* or *February*, 1842, but not to prove a defalcation during the time covered by the bond. The testimony should have. been confined to defalcations during the time for which the sureties became liable.

*Per Curiam.* — The judgment is reversed. Cause re- May Term, manded, &c.                                             1844.

    *C. B. Smith* and *J. S. Newman,* for the plaintiffs.

    *S. W. Parker* and *C. H. Test,* for the defendant.