*C. H. Burchenal*, for appellant.

*J. Yaryan*, for appellee.

———o———

THE STATE, on the relation of MILLER, *v.* HADLEY.

OFFICER.—FAILURE TO GIVE BOND.—The failure of an officer to give bond within ten days after the receipt of his commission renders the office vacant. But there must be an actual receipt of the commission, or a failure to receive it under such circumstances as will justify an inference that the party does not intend to receive it, or that he does intend, by his own act, to postpone the day of giving the bond.

SAME.—A mere failure to call at the office of the Secretary of State for the commission is not sufficient evidence of such an intention.

APPEAL from the *Hendricks* Circuit Court.

FRAZER, J.—*Miller* was, in *October*, 1866, elected as his own successor in the office of prosecuting attorney. His commission, though made out in *November*, was not sent to

him, nor did he receive it until *April* 6, 1867, at which time he called for it. On the 12th of *April*, the Governor regarding a vacancy as existing, appointed and commissioned *Hadley*, who immediately qualified, and on the 15th, took upon himself the duties of the office. On the same day, this information was filed, and the suit commenced.

Was there a vacancy when *Hadley* was appointed? As the lawful incumbent of the office, *Miller* could rightfully act until his successor qualified, which the latter, (himself, in this case,) could do within ten days after receiving his commission, and which period had not elapsed when *Hadley* was appointed. Until that period expired, there was no vacancy to be filled by appointment. The failure of an officer to give bond within ten days after the receipt of his commission, which renders the office vacant, (1 G. & H., 164,) and thus works a forfeiture of a right, cannot, without a disregard of all authority, be held to contemplate anything short of an actual receipt of the commission, or a failure to receive it under such circumstances as will justify the belief that the party does not intend to avail himself of it, or does intend, by his own act, to postpone the day of giving the bond. It would be an unsafe rule to hold a mere failure to call for the commission at the secretary's office as evidence of such a purpose.

It is argued that the agreed statement of facts, constituting the evidence in the case, shows *Miller's* right to exercise the office under his last commission. This position we do not deem tenable, but, as there may be further litigation, it is not best to anticipate by now stating the agreed case, as fully as is necessary to develop the reasons of our opinion upon that point.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*C. C. Nave*, for appellant.

*L. M. Campbell*, for appellee.