Urmston *et al. v.* The State, *ex rel.* Kuehn.

No. 7736.

URMSTON ET AL. *v.* THE STATE, EX REL. KUEHN.

73  175
126 403

OFFICIAL BOND.— *Construction.*— Undertakings in official bonds, as against the surety, are to be strictly construed.

SAME.—*Liability of Surety.*—A surety on an official bond can not be held bound for a longer period than that limited by his undertaking.

SAME.— *Constable.— Pleading. —Complaint. —Presumption.*—A constable appointed "for the term of one year from the 3d day of March, 1875, until his successor shall be elected and qualified," gave bond, with surety, accordingly. On the 4th day of October, 1876, an execution was placed in his hands, upon which he collected money, and, for failure to pay over the same, suit was instituted on his bond.

*Held,* that the complaint therein must show, as against the sureties, that a successor to such constable had not been elected and qualified.

*Held,* also, that, in the absence of such averment, it will be presumed that a successor had been elected and qualified, and that the official term of such constable had expired, when the execution came into his hands.

ELECTIONS.—*Judicial Knowledge.*—The Supreme Court takes judicial knowledge of the time of holding general elections.

From the Franklin Circuit Court.

*J. F. McKee,* ——. *McKee, F. Berry, H. Berry* and *S. E. Urmston,* for appellants.

*W. H. Bracken* and *S. E. Harrell,* for appellee.

ELLIOTT, J.—This was an action by appellee against Alonzo Urmston and the sureties on his official bond as constable. Relator obtained judgment below, and from that judgment appellants, who were the sureties of said constable, appeal, the principal, Alonzo Urmston, refusing to join. The only error relied upon by counsel, in their brief, is the overruling of their demurrer to appellee's complaint. This error is well assigned. It appears that said bond was executed on the 3d day of March, 1875, the condition being as follows: "The condition of the above obligation is such that, whereas the above named and bounden Alonzo Urmston has been duly appointed by the board of commissioners of said county, constable for Brookville township, in the county aforesaid,

for the term of one year from the 3d day of March in said year 1875, until his successor shall be elected and qualified : Now, if the said Alonzo Urmston shall faithfully discharge all the duties required of him by any law now or subsequently in force, then this obligation shall be void ; otherwise to remain in full force and virtue in law.''

On the 4th day of October, 1876, appellee placed in the hands of Alonzo Urmston an execution to be levied by him. In November of the same year, said Urmston collected the money on this execution, and converted it to his own use, refusing to pay it over to relator.

The undertaking of the sureties was that their principal should properly discharge the duties of the office of constable for a designated period. The period designated by the bond is for one year, or until the constable's successor shall be elected and qualified. It certainly can not be construed to extend beyond the election and qualification of a successor. If, however, it is to be construed as covering a period of one year, then the wrongful acts complained of were clearly not done within the time provided for by the bond. A surety can not be held bound for a longer period than that limited by his undertaking, and such undertakings, as against the surety, are to be strictly construed. *Mullikin* v. *State,* 7 Blackf. 77.

Construing the bond as limiting the period of appellants' liability to the time embraced within the date of the bond and the election and qualification of a successor to their principal, it had presumptively terminated when the appellee's execution was delivered to the constable. The moment a successor was elected and qualified, the sureties ceased to be liable on their undertaking. For acts done within the term they of course remained liable, but with the expiration of the term their liability as to all other acts ceased.

The complaint is bad for the reason that it does not show that a successor to appellants' principal had not been elected

and qualified. In the absence of an averment to the contrary, the presumption is that a successor had been elected.

It is provided that "vacancies in the office of constable shall be filled by appointment," and that the person so appointed shall "hold until a successor is elected and qualified, who shall be elected at the next township election." 1 R. S. 1876, p. 922. We know judicially that a township election was held on the second Tuesday in October, 1875, at which a successor ought to have been, and we must presume was, elected. The presumption, until rebutted, must be that the official term of the appellants' principal had expired when the execution was delivered to him. The undertaking of the appellants was to answer for his acts as constable, and as he was not, as we are bound to presume, an officer at the time the wrongful acts complained of were done, they can not be held liable on the bond sued upon. *Rany* v. *The Governor*, 4 Blackf. 2.

Judgment reversed.