Naugle *et al. v.* State, *ex rel.* Myers *et al.*

---

No. 9308.

## Naugle et al. *v.* State, ex rel. Myers et al.

Bond.—*Justice of Peace.—Complaint not Cured by Verdict.*—A complaint upon the official bond of a justice of the peace, for a failure to pay over money, must show that the justice received the money during the period of time covered by the bond; a defect in this respect not being cured by the verdict.

Same.—*Defects Cured by Statute.*—A misrecital in the bond of a justice of the peace in respect to the commencement of his term of office does not affect the validity of the bond, the defect being cured by the statute. Code 1852, sec. 790; R. S. 1881, sec. 5530.

From the Monroe Circuit Court.

*J. W. Buskirk* and *H. C. Duncan,* for appellants.

*J. H. Louden* and *R. W. Miers,* for appellees.

Woods, C. J.—The first question presented for consideration in this case is, whether the complaint states facts suffi-

cient, after verdict, to constitute a cause of action. The action is for alleged breaches of the bond of a justice of the peace. It is alleged that in the year 1873, Israel Naugle was elected and commissioned, and on the 30th day of December, 1873, was duly qualified as a justice of the peace and gave his bond as such, signed by his co-defendants as sureties, and conditioned according to law; that on the 25th day of December, 1876, the relator recovered a judgment before said justice of the peace for a sum named, which " was subsequently paid by the judgment defendant to the said Naugle as justice;" and that he has refused to pay over to the relator the money so collected, though demand has been often made, and that he converted the money to his own use. A copy of the bond was made a part of the complaint, and, as exhibited, purports to have been made and approved as alleged, on the 30th day of December, 1873. In the body of the bond it is recited that "Israel Naugle has been elected and commissioned a justice of the peace * * for the term of four years from the 7th day of January, A. D. 1872."

The objection made to the complaint is that it does not show a receipt of the money, nor even the rendition of the judgment upon which it was paid, within the term covered by the bond.

The Constitution provides that a justice of the peace " shall continue in office four years," and " until his successor shall have been elected and qualified." R. S. 1881, secs. 174, 225. The complaint alleges that Naugle was elected and commissioned in 1873, and took the oath and gave bond on the 30th day of December of that year; and as a failure to give bond " within ten days after the commencement of his term of office and receipt of his commission " would have operated to vacate his office (R. S. 1881, sec. 5527), it may fairly be presumed that the term for which he was elected did not commence earlier than December 21st, 1873. This being so, it follows that the recital in the bond in respect to the beginning of the term was an error, which, under the 790th section of the code of

1852, R. S. 1881, sec. 5530, does not affect the validity of the bond. But while this shows that the relator recovered his judgment within the time covered by the bond in suit, it does not show the receipt of the money within that time, and it is clear, if the question were presented upon demurrer, that the complaint is not good. *Urmston* v. *State, ex rel.,* 73 Ind. 175, is directly in point. Counsel for the appellee claim that the defect is cured by the verdict, but we are of a different opinion. It is not simply an imperfect statement of a cause of action, but a failure to show a right of action against the makers of the bond in suit. It is alleged that the money was paid to Naugle as justice, but that may have been during a subsequent term of office, when, as it must be presumed, he was acting under another bond. In order to uphold this complaint we must indulge the presumption that the money was paid upon the relator's judgment within a certain time, when there is no averment to that effect, or that Naugle continued to hold his office, without re-election, or, if re-elected, without giving new bond, when nothing is alleged which even tends to show or suggest such facts.

This makes it unnecessary to consider other questions.

Judgment reversed and cause remanded, with leave to the plaintiff to amend the complaint.