Filed Jan. 2, 1885.

---

No. 11,863.

## BAKER ET AL. *v.* WAMBAUGH.

JUSTICE OF THE PEACE.—*Judgment.*—*Injunction.*—The right of a justice of the peace, acting under color of appointment, to fill a vacancy, can not be questioned by a suit to enjoin the collection of a judgment by him rendered.

From the Sullivan Circuit Court.

*W. C. Hultz,* for appellants.

*C. E. Barrett* and *J. C. Briggs,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against the appellants to enjoin proceedings upon a judgment of a justice of the peace.

The complaint averred that the defendant Baker was the constable, and the other defendants were the two justices of the peace of Jackson township, in Sullivan county ; that the defendant Frakes had been regularly elected and qualified as his own successor in office; that in April, 1882, one Bell

had been elected as the successor in office of the other justice, James M. Clark, who had been duly elected and qualified as a justice in April, 1878, but that said Bell never gave bond and never was qualified, and said Clark never resigned; that in 1883 the board of commissioners of Sullivan county appointed Claiborne Wood to fill the supposed vacancy in the office held by said Clark, and he was duly qualified and acted as Clark's successor, and obtained from Clark his official docket and papers, and while so acting tried the plaintiff on a charge of unlawful provocation, and rendered a judgment against him for a fine of $1 and also for costs; that Wood then removed from Sullivan county and deposited his docket with said Frakes, who issued execution on said judgment; that afterwards, in April, 1884, the defendant Isaiah Hoggatt was duly elected a justice of said township and was qualified, and then the docket of said Clark, which he had delivered to the appointee, Wood, and which Wood had deposited with Frakes, was transferred by Frakes to said Hoggatt; that the defendants Baker and Frakes and Hoggatt are threatening to levy said execution; that the judgment and all the proceedings thereon are void, because at the time the judgment was rendered, Wood was not a justice, and the only justices of the township at that time were Frakes and Clark, the former having been duly elected and qualified as his own successor, and the latter holding over until his successor should be elected and qualified. The complaint prayed for a restraining order and also for a perpetual injunction.

The record shows that a restraining order was granted, and that the defendants moved to dissolve it, and that said motion was overruled, and that the defendants excepted, and that then the defendants' attorney withdrew his appearance, and the defendants were defaulted, and a perpetual injunction was awarded pursuant to the prayer of the complaint. The defendants appealed. They assign errors jointly as follows:

1. That the complaint does not state facts sufficient to constitute a cause of action.

2. That the court erred in rendering judgment for the appellee on a complaint that did not state facts sufficient to constitute a cause of action.

3. Error in overruling the plaintiff's motion to dismiss the restraining order.

4. Error in overruling appellants' motion to dissolve the restraining order.

The third and fourth of these specifications present no question. The defendants, by withdrawing their appearance, withdrew also their motions, and left the cause as if there had been no appearance. *Lodge* v. *State Bank*, 6 Blackf. 557; *Gunel* v. *Cue*, 72 Ind. 34; *Terrell* v. *State, ex rel.*, 66 Ind. 570; *Young* v. *Dickey*, 63 Ind. 31.

The first and second specifications of error are substantially the same; the question presented is whether the complaint shows that the judgment complained of was void.

Section 14 of article 7 of the Constitution of Indiana provides that " A competent number of justices of the peace shall be elected by the voters in each township in the several counties. They shall continue in office four years."

Section 3 of article 15 of the said Constitution declares that, " Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified."

Justices of the peace are required to give an official bond. R. S. 1881, section 1421. A failure to give bond within ten days after the commencement of the term of office and the receipt of the certificate of election, vacates the office. R. S. 1881, section 5527. And a vacancy may be created by the acceptance of another incompatible office, *Mehringer* v. *State, ex rel.*, 20 Ind. 103, or by abandonment, and in many other ways. *State, ex rel.*, v. *Allen*, 21 Ind. 516. And the existence of the vacancy in any case depends upon the facts and cir-

cumstances attending it. *Ibid.* And "Whenever a vacancy occurs in the office of justice of the peace, it shall be the duty of the board of commissioners of the county in which such vacancy may occur to fill the same by an appointment; which appointment shall be certified to the governor by the auditor of said county, and upon said certificate of appointment being filed with the governor, he shall commission the person so appointed as justice of the peace, to serve until his successor is elected and qualified." R. S. 1881, section 5564.

Under this last mentioned statute, Mr. Wood was appointed by the county board. The appellee claims that the appointment was unauthorized, because, inasmuch as Mr. Clark was elected his own successor, and failed to be qualified, he had a right, under the constitutional provision above cited, to hold over until a successor should be elected and qualified, so that there was, in fact, no vacancy when Mr. Wood was appointed, and his appointment and all his acts as a justice were without jurisdiction.

This proposition can not be sustained. It was held in *State, ex rel.,* v. *Hadley,* 27 Ind. 496, that where an officer was elected his own successor, and received his commission, and another person was appointed five days afterwards, there was no vacancy to be filled by appointment, because such elected officer had ten days after the receipt of his new commission within which to be qualified as his own successor, and in the meantime was authorized to hold over.

But the complaint in the present case shows that Bell was elected Clark's successor in April, 1882, and was never qualified; then as to Clark the allegation is merely that he never resigned. This allegation does not show that Clark was still holding the office. If Bell failed to be qualified in proper time, Clark might have continued to serve, and might, also, have abandoned the office if he chose to do so.

The complaint further shows that a year afterwards the county board, deeming the office formerly held by Clark vacant, appointed Wood.

In *Stocking* v. *State*, 7 Ind. 326, this court said : "There is no technical nor peculiar meaning to the word 'vacant,' as used in the Constitution. It means empty, unoccupied; as applied to an office, without an incumbent. There is no basis for the distinction urged, that it applies only to offices vacated by death, resignation, or otherwise."

In *Urmston* v. *State, ex rel.*, 73 Ind. 175, it was held in an action against the sureties on an official bond, that, in the absence of sufficient averments to the contrary, the presumption is that an official term ends with the time prescribed for it; and to the same effect is *Naugle* v. *State, ex rel.*, 85 Ind. 469. The complaint in the present case shows that the office was, in fact, vacant as to Clark, and that he was not claiming to hold over. The averment is that he delivered up his docket and official papers to Mr. Wood, the appointee. In *State, ex rel.*, v. *Jones*, 19 Ind. 356, PERKINS, J., in the opinion of the court, said :

"We think the following propositions are deducible from the judicial decisions of the Supreme Court of Indiana :

"1. Where it appears, *prima facie*, that acts or events have occurred subjecting an office to a judicial declaration of being vacant, the authority authorized to fill such vacancy, supposing the office to be vacant, may proceed, before procuring a judicial declaration of the vacancy, and appoint or elect, according to the forms of law, a person to fill such office ; but if, when such person attempts to take possession of the office, he is resisted by the previous incumbent, he will be compelled to try the right, and oust such incumbent, or fail to oust him, in some mode prescribed by law.

"2. If such elected or appointed person finds the office, in fact, vacant, and can take possession, uncontested by the former incumbent, he may do so, and so long as he remains in such possession, he will be an officer *de facto* ; and should the former incumbent never appear to contest his right, he will be regarded as having been an officer *de facto* and *de jure ;* but should such former incumbent appear, after possession has been taken against him, the burden of proceeding

to oust the then actual incumbent will fall upon him; and if in such proceeding it is made to appear that facts had occurred before the appointment or election justifying a judicial declaration of a vacancy, it will be then declared to have existed, and the election or appointment will be held to have been valid."

In *Gumberts* v. *Adams Ex. Co.*, 28 Ind. 181, it was held that where one is in the exercise of an office in which the public is concerned, his authority as an officer in the performance of official acts can be questioned only in a direct proceeding to contest his right to hold the office. See, also, to the same effect, *Creighton* v. *Piper*, 14 Ind. 182; *People* v. *Stevens*, 5 Hill, 616; *Green* v. *Burke*, 23 Wend. 490; *People* v. *White*, 24 Wend. 520.

The complaint, therefore, did not state facts sufficient to constitute a cause of action; it showed upon its face that Wood was an officer *de facto*, at least, whose official character can not be questioned in this proceeding. *Mowbray* v. *State, ex rel.*, 88 Ind. 324. The judgment, therefore, ought to be reversed and the injunction dissolved.

PER CURIAM.—It is therefore, ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things reversed, and this cause is remanded with instructions to dissolve the injunction.

Filed Sept. 25, 1884. Petition for a rehearing overruled Jan. 22, 1885.