## GRANGER ET AL. *v.* BOSWINKLE.

[No. 7,157.   Filed January 3, 1912.   Rehearing denied. January 31, 1912.   Transfer denied April 4, 1912.]

1. JUSTICES OF THE PEACE.—*Action on Bond.—Nature.—Complaint.* —An action on the bond of a justice of the peace is an action *ex contractu,* and to entitle plaintiff to recover he should allege and prove a breach of some duty imposed by the terms of the bond upon which the suit was predicated.   p. 116.

2. JUSTICES OF THE PEACE.—*Action on Bond.—Liability for Acts of Special Constable.*—The liability of a justice of the peace and the sureties on his official bond for the acts of a special constable in assaulting and beating another, must be predicated upon the general condition of the bond providing that the justice shall faithfully discharge his duties as such, together with the provisions of §§1727, 1728 Burns 1908, §§1439, 1440 R. S. 1881, which provide the duties and liability of a justice of the peace in the matter of the appointment of a special constable.   p. 117.

3. JUSTICES OF THE PEACE.—*Action on Bond.—Breach by Act of Special Constable.—Complaint.—Sufficiency.*—A complaint to recover on the bond of a justice for injuries inflicted by a special constable, was insufficient, which did not allege that the defendant justice of the peace himself made the appointment of such constable *in a particular case,* and that in such particular case he issued and directed to such constable the warrant under which he was acting at the time of inflicting the injury.   p. 117.

4. JUSTICES OF THE PEACE.—*Action on Bond.—Liability for Acts of Special Constable.—Criminal Cause.*—Section 1939 Burns 1908, Acts 1905 p. 584, §71, authorizing justices of the peace to appoint special constables in criminal causes in the same manner as in civil cases, in no way provides for any liability against a justice of the peace on account of any such appointment, and there being no other statute creating a liability in such case, an action, which is predicated solely upon the acts of a special constable appointed in a criminal cause, cannot be maintained against a justice of the peace on his official bond.   p. 119.

From Newton Circuit Court; *C. W. Hanley,* Judge.

Action by Matt. Boswinkle against Andrew Granger, ex-justice of the peace, and others.   From a judgment for plaintiff, the defendants appeal.   *Reversed.*

*George A. Williams,* for appellants.

*Dwyer & Robinson* and *John H. Gillett,* for appellee.

HOTTEL, J.—This is a suit on the bond of a justice of the peace. The justice, his sureties and a special constable were all made defendants to the suit, and are now appellants in this court. The alleged breach of the bond charged grew out of an alleged unlawful assault and battery committed on appellee Boswinkle by such special constable appointed by such justice.

The complaint is in two paragraphs, the bond being made an exhibit with each. Demurrers were filed to each paragraph and overruled, and exception saved as to each ruling.

The cause was put at issue by an answer in general denial, trial by a jury, and a verdict for appellee in the sum of $225. Judgment on the verdict, motion for new trial overruled, and appeal to this court.

The errors assigned present the question of the sufficiency of the complaint and each of the paragraphs thereof, both by an original assignment, that the facts stated therein are not sufficient, and by separate assignment of error calling in question the ruling on the demurrer as to each paragraph. The ruling on the motion for new trial is also assigned as error.

It is first insisted by appellants that their demurrer to each paragraph of the complaint should have been sustained on the second ground thereof, viz., because the action is not prosecuted in the name of the State of Indiana on the relation of the party interested.

Section 253 Burns 1908, §253 R. S. 1881, provides as follows: "Actions upon official bonds, and bonds payable to the state, shall be brought in the name of the State of Indiana, upon the relation of the party interested."

Appellee concedes that the case should be prosecuted in the name of the State on the relation of the interested party, and insists that by leave of court he was permitted to amend his complaint in this regard, and that he did so amend, and that the action was thereafter prosecuted in the name of the State on the relation of Matt. Boswinkle. The condition

of the record is not satisfactory on this question, but the conclusion which we have reached as to the sufficiency of this complaint, on its merits renders unnecessary the determination of this question.

The first paragraph of this complaint is short, and is as follows: "Plaintiff herein, complains of the defendants herein, and alleges: That on the second day of April, 1908, the defendant Andrew Granger was duly appointed Justice of the Peace for Lincoln Township, Newton County, Indiana. That on the 18th day of April, 1908, he, with James Craig and Frank M. Fuller, other defendants herein, as his sureties, executed his bond, as such Justice, in the penal sum of two thousand dollars ($2,000) a copy of which is filed herewith and made a part of this complaint, and on April 19, 1908, duly qualified and entered upon the duties of his office. That during his term of office, to wit, on the 17th day of July, 1908, Fred Fuller, one of the defendants herein, while acting as special Constable for said defendant Andrew Granger, Justice of the Peace, aforesaid, having been appointed, duly and legally qualified therefor, which appointment was entered upon the docket of said Justice, by virtue of a warrant of arrest issued to said Fred Fuller as said Special Constable he neglected his duty and proceeded illegally as follows: He assaulted and beat the plaintiff herein, striking plaintiff on the head several heavy blows with a dangerous weapon, to wit, a 'black jack,' and rudely pushed and roughly handled plaintiff and wounded him, while plaintiff was without fault. Whereby plaintiff became, and is, and for a long time will be, shocked, hurt and humiliated, suffering anguish of mind, and was otherwise greatly hurt, bruised and wounded, to his damage two thousand dollars ($2,000) for which he demands judgment."

This is an action *ex contractu,* and to entitle the appellee to recover, it was necessary that he should allege and

1. prove a breach of some duty imposed by the terms of the bond on which the suit was predicated. There

is not, of course, in the bond itself an express or specific condition providing for liability on account of the breach here charged, but such liability, if it exist at all in a case of this character, must be predicated on the general condition of the bond which provides that said Granger "shall faithfully discharge his duties as such Justice," together with the provisions of the statute which provide the duties and liability of a justice of the peace in the matter of the appointment of a special constable. The sections of the statute which prescribe these duties are §§1727, 1728 Burns 1908, §§1439, 1440 R. S. 1881, controlling civil procedure before justices of the peace, and §1939 Burns 1908, Acts 1905 p. 584, §71, under criminal procedure before justices. The provisions of these sections are as follows: 1727. "Whenever there shall be no constable convenient, and in the opinion of the justice an emergency exists for the immediate services of one, such justice may appoint a special constable to act in a particular cause; and shall note such appointment in such cause on the docket, and shall direct process to him by his name; and such constable, so appointed, shall discharge the duties, receive the fees, and have the powers, in such cause, appertaining to the office." 1728. "The justice appointing such constable shall, with his sureties, be liable on his official bond for any neglect of duty or illegal proceedings by such constable in such cause." 1939. "Special constables may be appointed under like circumstances, having like powers and being subject to like liabilities, as in civil cases."

The bond and these sections of the statute furnish the only grounds or conditions on which liability in this case can be predicated. This being true, it seems that the citation of these sections of the statute, in connection with the foregoing copy of the first paragraph of the complaint, ought to be sufficient to indicate that error was committed in overruling the demurrer to said paragraph.

It will be observed that this statute, authorizing the appoint-

ment of special constables by justices of the peace, expressly
limits the power of the appointment, and authorizes the
same only where there is no constable, and an emergency ex-
ists, and then the appointment shall be *in the particular
cause,* and in fixing the liability of the justice on his official
bond, for the neglect of such constable, the statute expressly
limits the liability to the "neglect of duty or illegal pro-
ceedings by such constable in such cause."

The complaint in such a case must allege, among other
things, that the justice of the peace, against whom the
action is prosecuted, himself made the appointment of the
special constable; that he (the justice) made such appoint-
ment during his term of office *in a particular case,* that he
issued and directed to such special constable a warrant *in
such case* for the arrest of the injured party on whose rela-
tion the suit is brought, and that in serving such warrant so
issued *in such case* such constable neglected his duty, or
illegally proceeded, setting out the facts relied on as consti-
tuting the neglect of duty or illegal proceedings.

There is in this paragraph no averment that Granger,
justice of the peace, appointed Fuller, special constable in
any particular case, and, in fact, no positive allegation that
said Granger appointed such special constable, or that such
justice issued to him the warrant under which he was acting,
or that the warrant was *directed* to such constable, or that it
was issued in the *particular case* in which such special con-
stable was appointed. This paragraph is in other respects
uncertain and ambiguous in its averments, but the aver-
ments indicated as omitted are so clearly essential and neces-
sary to a good complaint in an action of this character that
we deem further comment thereon unnecessary.

The second paragraph of complaint, while not being open
to all the objections that might be urged against the first
paragraph, is, for the reasons indicated, clearly insufficient
as against demurrer.

But there is a still more important reason for holding both

these paragraphs of complaint bad.   The defects above sug-
gested might be cured by amendment, but if we be
4.   correct in our notion as to the other infirmity of these
paragraphs, no amendment can cure the same, so
long as they proceed on their present theory.   Both para-
graphs of this complaint are predicated on the theory that a
justice of the peace is liable on his bond for the acts of a
special constable appointed by him in a criminal cause, the
same as he would be for the acts of such constable so ap-
pointed in a civil cause.   This can be true only in case there
is an express statute so providing, because, as above indi-
cated, there is no provision of the bond that would make him
liable, and in such cases liability must be found in the bond
itself, or in the statutory provisions defining the duties, obli-
gations and liabilities of such officer.   *Hawkins* v. *Thomas*
(1892), 3 Ind. App. 399, 29 N. E. 157.   See, also, *Urmston*
v. *State, ex rel.* (1880), 73 Ind. 175; *Bowers* v. *Fleming*
(1879), 67 Ind. 541; *Detroit Sav. Bank* v. *Ziegler* (1882),
49 Mich. 157, 13 N. W. 496, 43 Am. St. 456.

The only provision to be found on this subject under the
criminal procedure is §1939, *supra*.   It will be observed that
the constable alone is mentioned in this section, and his
powers and liabilities alone are defined.   This section author-
izes the appointment of such constable in the same manner
as in civil cases, and therefore gives to a justice of the peace
the right to make such appointment; but further than this,
the section in noway affects a justice of the peace.   It in
noway attempts to provide for or fix any liability against
such justice of the peace on account of such appointment.

It follows, therefore, that there can be no liability of a
justice of the peace on his official bond, predicated solely
upon the acts of a special constable appointed by such jus-
tice of the peace in a criminal cause.

For the reasons above stated, the court erred in overruling
the demurrer to each paragraph of said complaint.

The judgment is therefore reversed, with instructions to

the court below to sustain the demurrer to each paragraph of the complaint, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 96 N. E. 208. See, also, under (1) 5 Cyc. 826; (3) 24 Cyc. 430; (4) 1913 Cyc. Ann. 2675. As to the ministerial acts of a justice of the peace for which his sureties are liable, see 91 Am. St. 574.