## STATE OF INDIANA, EX REL. COPPAGE v. REICHARD ET AL.

### [No. 8,487.   Filed June 23, 1915.]

1. APPEAL.—*Review.—Demurrer to Answer.—Sufficiency of Complaint.*—Where appellant complains of the overruling of his demurrer to a paragraph of answer, the court on appeal in reviewing such ruling will consider the sufficiency of the complaint to which the answer was addressed, even though the question of its sufficiency is not presented by the assignment of any cross error, and if the complaint is insufficient the overruling of such demurrer will be regarded as harmless.   p. 341.

2. OFFICERS.—*Official Bonds.—Liability of Sureties.*—Where an officer, assuming to act as such, commits a wrong under circumstances where the law does not impose upon him any duty to act at all, the wrong is not the violation of any official duty for which the surety on his official bond can be held liable.   p. 342.

3. OFFICERS.—*Action on Official Bond.—Liability.*—In an action on the bond of an officer, brought against him and the surety thereon, his liability is identical with that of the surety, and he is not liable if the surety is not liable.   p. 342.

4. JUSTICES OF THE PEACE.—*Powers and Duties.—Unauthorized Acts.—Liability on Bond.*—The powers of a justice of the peace are wholly statutory, and though instruments of writing pertaining to his official duty, when attested by his official seal and signature, are presumptive evidence of his official character, his execution of a certificate not authorized by statute, though attested by his official seal, is not an official act within the meaning of his official bond; hence, where a justice executed under his official seal a certificate that a promissory note was signed by a certain person in his presence, when in fact it was not so signed, there was no breach of his official bond, since there is no statutory requirement or authority for the acknowledgment of a promissory note.   (*Tucker* v. *State* [1904], 163 Ind. 403, and *State, ex rel.* v. *Walford* [1894], 11 Ind. App. 392, distinguished.)   p. 343.

5. APPEAL.—*Review.—Harmless Error.*—Where appellant's complaint was insufficient to state a cause of action, intervening errors, if any, must be regarded as harmless.   p. 344.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by the State of Indiana, on the relation of Lewellyn J. Coppage, against John Reichard and others. From a judgment for relator, the relator appeals.   *Affirmed.*

*Lewellyn J. Coppage,* for appellant.
*M. W. Bonner,* for appellees.

CALDWELL, J.—Stated generally, the facts in this case are to the effect that on March 16, 1908, Sarah J. Weaver applied to the relator at Crawfordsville for a loan of $100. Relator, as a condition to making the loan, required surety, whereupon Margaret J. Weaver was tendered in that capacity. Margaret not being present, relator prepared a promissory note in said sum, an affidavit as to the solvency of Margaret, and a certificate that she had signed the note, and entrusted these papers to Sarah to procure their execution. Sarah thereupon went before appellee Reichard, who was a justice of the peace, and resided in a small town near the home of Margaret, and impersonating Margaret, signed and swore to the affidavit in Margaret's name. Reichard signed his name as a justice of the peace to the jurat that relator had written at the bottom of the affidavit. The certificate was apparently written on the same paper as the affidavit and below it. Although Sarah apparently did not exhibit the note to Reichard, he signed the certificate also as a justice of the peace, and affixed his official seal to it. The certificate was as follows: "And I further certify that the above named Margaret Weaver in my presence signed her name to a note of this date executed to Lewellyn J. Coppage by the above named Sarah J. Weaver, for the sum of One Hundred Dollars, due six months from date. John W. Reichard, Justice of the Peace." Thereafter, Sarah presented to relator the affidavit and certificate and the note bearing her name and also Margaret's name as makers, and relator thereupon made the loan. The note proved to be uncollectible by reason of Sarah's insolvency, and the fact that Margaret had not signed it.

It is claimed that Reichard acted carelessly rather than corruptly in the transaction. Under such circumstances, this action was brought against appellees on the official bond

of Reichard, the other appellees being sureties on the bond. The bond, a copy of which is made a part of the complaint, is conditioned as required by the statute for the faithful discharge of the duties of his office by Reichard, and for the payment to the proper persons of all moneys that might come into his hands as such justice of the peace.

It is conceded that the facts stated in the affidavit are true, and that relator was not harmed by Sarah's execution of it in the name of Margaret, and that that instrument is unimportant in the further consideration of this appeal. Appellant's relator expressly states that he relies exclusively on the breach, declared on in the complaint respecting the making of the certificate by Reichard under the circumstances.

Appellees answered in three paragraphs. The second was a general denial. Appellant's demurrer was sustained to the third and overruled to the first, to which a reply in general denial was filed. A trial resulted in a verdict and judgment in favor of appellant for $25, from which this appeal is prosecuted. Error is assigned on the overruling of the demurrer to the first paragraph of answer, and on the overruling of the motion for a new trial. The first paragraph of answer sets out facts specifically respecting the preparing of the papers by the relator, and the circumstances attending their execution. It was the pleader's purpose to allege facts in said paragraph from which it would follow that the relator was guilty of negligence, by reason of the statements that he included in the papers, and that Reichard was free from fault in permitting them to be executed by Sarah impersonating Margaret. The argument that the paragraph is insufficient is based on the fact however that it contains an allegation in substance that Sarah did not have the note with her at Reichard's office, and that in the transaction of executing the affidavit and the certificate, Reichard did not see the note referred to in the certificate. It is argued that such allegation admits or affirms as true the material averment of

the complaint respecting the breach of the conditions of the bond, and that as a consequence, the court erred in overruling the demurrer to that paragraph.

The complaint is before us, and we are confronted with the question of whether it is our duty to consider its sufficiency in reviewing the ruling of the trial court on

1. the demurrer to said paragraph of answer. The appellant was plaintiff below and assigns error and seeks a reversal here by reason of the adverse ruling on said demurrer. The answer is directed to the complaint. If an appealing plaintiff's complaint fails substantially and fundamentally to state a cause of action, he has in fact no meritorious standing in court, and no reason occurs to us why he should be heard to complain respecting a ruling against him on a demurrer to his answer. To this effect is *State, ex rel.* v. *State Board, etc.* (1910), 173 Ind. 706, 710, 91 N. E. 338, where the court said: "As the alternative writ was insufficient, it is immaterial whether the second and third paragraphs of answer thereto were good or bad, for the reason that it is settled law in this State that a bad answer is good enough for a bad complaint, and there can be no reversal of a judgment for error in overruling a demurrer to a bad answer if the complaint is insufficient as against a demurrer for want of facts. * * * It follows that the demurrer to said answer should have been carried back and sustained to the alternative writ." See, also, *City of Delphi* v. *Hamling* (1909), 172 Ind. 645, 648, 89 N. E. 308; *State, ex rel.* v. *Myers* (1885), 100 Ind. 487; *Alexander* v. *Spaulding* (1903), 160 Ind. 176, 66 N. E. 694; *Alkire* v. *Alkire* (1893), 134 Ind. 350, 355, 32 N. E. 571; *Zenor* v. *Pryor* (1914), 57 Ind. App. 222, 106 N. E. 746. In neither of the cases cited above were cross errors assigned. In *Gould* v. *Steyer* (1881), 75 Ind. 50, where defendant appellee assigned cross errors on the sustaining of a demurrer to a paragraph of answer, and for failure to carry such demurrer back to the complaint, the court said: "If the complaint

failed to show a sufficient cause of action, the demurrer to the answer reached back to the complaint, and should have been sustained as to it, and not as to the answer. *   *   * Such a demurrer will search the record and will test the sufficiency of the complaint, even without an assignment of cross errors." The decision is based on *Aetna Ins. Co.* v. *Baker* (1880), 71 Ind. 102. We conclude that it is our duty to inquire into the sufficiency of the complaint.

As we have said, appellant concedes that the breach of the bond relied on is the making of the certificate under the circumstances. The question then confronts us of whether the making of such certificate was an official act or the performance of an official duty, rendering Reichard and sureties on the former's official bond, liable for any damages resulting by reason of such act having been done wrongfully.

"That a surety on an official bond is only answerable for the acts of his principal while engaged in the performance of some duty imposed upon him by law is generally admitted. *   *   * But where an officer, though he assumes to act as such, commits a wrong under circumstances where the law does not impose upon him any duty to act at all, the wrong is not a violation of any *official duty,* and consequently is not embraced within the sponsorship of the surety." *Hawkins* v. *Thomas* (1891), 3 Ind. App. 399, 404, 405, 29 N. E. 157. As the suit is on the bond, rather than against Reichard individually aside from the bond, his liability is identical with that of his sureties. If they are not liable in this action, neither is he. *State, ex rel.* v. *Flynn* (1903), 161 Ind. 554, 562, 69 N. E. 159; *Bowers* v. *Fleming* (1879), 67 Ind. 541; *McLendon* v. *State* (1893), 92 Tenn. 520, 22 S. W. 200, 21 L. R. A. 738, 743. The statute provides that all official bonds shall be obligatory upon the principal and the sureties thereto "for the faithful discharge of all duties required of such officer by any law" (§9111 Burns 1914, §5528 R. S. 1881); and that the official bond of a justice of the peace shall be "con-

ditioned for the faithful discharge of the duties of his office'', etc. §1707 Burns 1914, §1421 R. S. 1881. The bond here is conditioned as required by the latter section.

4. The Constitution provides that the powers and duties of justices of the peace shall be prescribed by law. §14, Art. 7, Constitution. Their powers are wholly statutory. *Matlock* v. *Strange* (1856), 8 Ind. 57; *Willey* v. *Strickland* (1857), 8 Ind. 453. Instruments of writing pertaining to his official duty, when attested by the official seal and signature of a justice of the peace are presumptive evidence of the official character of such justice of the peace in all courts of the State without further authentication. §1708 Burns 1914, Acts 1905 p. 122. They are authorized to administer oaths in all cases where an oath is required. §9603 Burns 1914, §6010 R. S. 1881. An instrument entitled to record if acknowledged may be acknowledged before a justice of the peace (§3965 Burns 1914, §2933 R. S. 1881), in which case a certificate of acknowledgment must be written on or attached to the instrument. §3085 Burns 1914, §2534 R. S. 1881. Such in brief are the principal ministerial duties and powers of justices of the peace. We know of no statute that authorizes such an officer to execute such a certificate as is involved in this action. It is not a certificate of acknowledgment. *Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 485, 104 N. E. 82. If it were sufficient in form as such, it is not attached to or written on the instrument as required by statute. §3085, *supra*. Moreover, there is no statute that requires or authorizes the acknowledgment of a promissory note, or that entitles it to record if acknowledged. If a justice of the peace may officially make such certificate, there is no reason why he may not in his official capacity certify to any event witnessed by him, or that comes within his observation. We hold that in the making of the certificate, Reichard was not discharging any duty of his office within the meaning of his official bond. It follows that the com-

plaint does not state a cause of action.   The following are in point:  *Hawkins* v. *Thomas, supra; Doepfner* v. *State, ex rel.* (1871), 36 Ind. 111; *State, ex rel.* v. *Flynn, supra; Granger* v. *Boswinkle* (1912), 50 Ind. App. 114, 116, 96 N. E. 208; *McLendon* v. *State* (1893), 21 L. R. A. 738, note; *State, ex rel.* v. *Clausmeier* (1900), 154 Ind. 599, 57 N. E. 541, 77 Am. St. 511, 50 L. R. A. 73; *Feller* v. *Gates* (1902), 40 Or. 543, 67 Pac. 416, 91 Am. St. 492, 56 L. R. A. 630; 24 Cyc. 429.

Our attention is called to *Tucker* v. *State* (1904), 163 Ind. 403, 71 N. E. 140, where the statement is made that a public official and his sureties are liable on his official bond for wrongful acts done by color of his office, as well as for those done by virtue of his office. *State, ex rel.* v. *Walford* (1894), 11 Ind. App. 392, 39 N. E. 162, is cited where practically the same language is used.   In neither of these cases does the court determine when it may be said that an act is done by color of office, and in neither is there a decision that an officer involved had done some wrongful act by color of his office.   The subject of liability on official bonds for wrongful acts done *virtute officii* and *colore officii* is fully considered and the authorities reviewed in *Hawkins* v. *Thomas, supra,* and a conclusion reached with which our holding here is in harmony.   The cases cited in *State, ex rel.* v. *Walford, supra,* are not out of line with *Hawkins* v. *Thomas, supra.*

Here the plaintiff below has appealed.   It appears from the record that he has no cause of action against appellees on the bond.   Intervening errors, therefore, if any, 5.   must be regarded as harmless.   It follows that appellant is not entitled to a more favorable mandate of this court than an affirmance of the judgment.   *State, ex rel.* v. *State Board, etc., supra; Zenor* v. *Pryor, supra.*

Judgment affirmed.

Note.—Reported in 109 N. E. 438.  As to acts for which sureties on officers' bonds are liable, see 91 Am. St. 497.  As to the liability

of a surety on bond of public officer for acts wholly outside official duty, see 6 Ann. Cas. 919; Ann. Cas. 1912 C 581. See, also, under (1) 31 Cyc. 338; (2) 29 Cyc. 1455; (3) 29 Cyc. 1454; (4) 24 Cyc. 429, 416; (5) 3 Cyc. 385.