STATE EX REL. ABDIEHL *v.* SRIVER ET AL.

[No. 26,581. Filed May 1, 1936.]

130

Ben Piser, Dudley M. Shively and Albert R. Frantz, for appellant.

Jones, Obenchain & Butler, for appellees.

TREMAIN, J.—The relator instituted this action in the lower court against the appellees upon a patrolman's official bond. The complaint is in two paragraphs.

The amended first paragraph of the third amended complaint alleges that the appellee, Willis H. Sriver, was a duly appointed and qualified patrolman in the city of South Bend, Indiana; that he executed his bond payable to said city in the sum of $1,000 with his co-appellee, National Surety Company, as surety thereon. The bond was delivered to and approved by the board of public safety of said city, and said Sriver entered upon his duties as patrolman and was so engaged at the time of the grievances hereinafter described.

It is alleged that he did not honestly and faithfully discharge and perform his duties as such patrolman; that on February 3, 1930, while assisting in the line of his duties, assigned by a superior officer, in handling the traffic and guarding property at the armory, a public place in said city, he undertook to move the appellant and others from the vicinity of said armory, and wrongfully exerted more force than was reasonably necessary, when the appellant was making no resistance, by assaulting and beating him by heavy blows on the face; that because of the injuries inflicted, the appellant became ill and was compelled to employ medical and surgical aid in the treatment of his injuries; that he suffered permanent disfigurement to his face; and that his injuries and necessary expenses and treatment were caused solely by the appellee, Sriver, in the manner aforesaid, to his damage in the sum of $1,000.

The second paragraph of the third amended complaint is in all respects the same as the first with this exception. It is alleged:

"While on duty as such patrolman and while assisting in handling the traffic and guarding the property of the Armory . . . under orders from his superior officers, . . . did then and there, . . . arrest relator, and did then and there, with force and violence and against the will of the relator, place relator in the patrol wagon of the city of South Bend, Indiana, and carry him to the police station of said city . . . ; that relator was not guilty of any crime or misdemeanor and defendant, Sriver, by the exercise of reasonable care, was able to inform himself of relator's innocence of said charge, but recklessly and heedless of relator's rights in the premises and of relator's physical security and liberty, arrested, imprisoned and maltreated relator as aforesaid."

A copy of the bond executed by the appellees is filed with each paragraph of the complaint, and recites that the appellee, Sriver, as principal, and the National Surety Company of New York City, as surety, are held and firmly bound unto the city of South Bend in the sum of

$1,000; that the appellee, Sriver, has been duly elected by the Board of Public Safety for the city of South Bend to serve during the pleasure of said board and until his successor shall be elected and qualified. The condition of said bond is that said Sriver "do honestly and faithfully discharge and perform all and singular, his duties as such patrolman during the continuance in office as such in all things according to law; and faithfully and accurately account to this Board, and deliver to the proper officers all valuables, money or effects coming into his possession as such officer."

The appellees addressed a separate and several demurrer to each of said paragraphs of complaint upon the ground that neither of said paragraphs states facts sufficient to constitute a cause of action. The memoranda filed in support of the demurrer assigns as causes for sustaining the same: (a) The facts alleged do not show any right in the appellant to maintain an action on said bond; (b) The bond does not indicate that it was made for the benefit of the appellant; (c) The appellant is not a privy to the contract sued upon, nor to the consideration therefor; (d) No facts are alleged showing that the appellant was the party or person intended to be benefited by the bond; (e) The theory of each paragraph of complaint is that the appellees are liable by reason of a breach of said bond.

The demurrer was sustained as to each paragraph of complaint. Relator refused to plead over, and elected to stand upon the ruling of the court. Judgment was rendered against him that he take nothing, and that appellees recover their costs. Relator perfected an appeal to the Appellate Court, and the cause was transferred to this court.

The question before this court is whether or not, under the foregoing facts, there is a liability upon the patrolman's bond in favor of the relator. It appears from the allegations of the complaint that the city of

South Bend belonged to that class of cities in which the patrolmen and policemen were under the control of a board of public safety, as provided by Chapter 129 of the Acts of 1905, which is a special act concerning municipal corporations, and covers the entire subject of the bonds and oaths of city officers and appointees. Section 44 of that act, being Section 48-1244, Burns' Ann. St. 1933 (§11423, Baldwin's 1934), upon the qualification of officers and appointees of the class of cities to which South Bend belongs, among other things, provides:

> ". . . and every appointive officer shall likewise take such oath, to be indorsed on his certificate of appointment, before the city clerk or some officer authorized to administer oaths, that he will support the Constitution of the United States and the Constitution of the State of Indiana, and that he will faithfully discharge all his official duties; which oath shall also be filed with the city clerk. . . . shall likewise execute a bond, to the approval of the mayor, payable to such city, in such penal sum as the common council of such city may enact by ordinance covering such cases, conditioned for the faithful performance of the duties of his office and for the payment to the proper person of moneys received by him as such officer; . . ."

Section 168 of the same act, being Section 48-6114, Burns' Ann. St. 1933 (§11486, Baldwin's 1934), in speaking of the powers of the commissioners of public safety, provides that they "shall have power, subject, however, to city ordinances, to adopt rules regulating the giving of bond by any appointee or class of appointees in such department for faithful performance of official duty." It is clear that the bond sued upon was executed pursuant to said statute and not pursuant to the general statute (Sections 49-112 and 49-113, Burns' Ann. St. 1933, §§13070, 13072, Baldwin's 1934), providing for the execution of official bonds.

The bond in question is made payable to the city of South Bend, as it should be, under said Section 44 of

the municipal corporation act. It is conditioned as in said section provided. Upon the question of bonds for municipal officers and appointees, the act is complete in itself. No necessity arises for referring to the general act upon the question of official bonds, although appellant asserts that that act applies, and that it was error to make the bond payable to the city of South Bend instead of to the state of Indiana. But, under said Section 49-113 (§13072, Baldwin's 1934), he claims that the bond shall not be void because of defects in form or substance. This court sees no necessity for reference to that statute since the statute under which the bond was given is full and complete.

Having determined that the bond in question was given by the appellee, Sriver, to the city of South Bend as provided by the municipal corporation act, the question then arises as to whether or not any individual in the city of South Bend, or the relator in this case, bears such relation to that bond that he may maintain an action for its alleged breach.

It is not alleged in the complaint that the city council of the city of South Bend fixed the amount of bond required of patrolmen by adopting an ordinance covering such case. It is doubtless true that the complaint should be accompanied by such ordinance or reference thereto disclosing that patrolmen in the city of South Bend were required to execute such bond. However, this case will be determined without a consideration of that fact.

This is an action based upon the bond, rather than against appellee, Sriver, individually. It is *ex contractu* in form. In other words this is a suit upon a contract and it is incumbent upon the relator to allege some breach of duty imposed by the terms of the bond. Sriver and his bondsman agreed with the city that he would faithfully discharge all of his official duties and pay over to the proper parties moneys received by him. There is no special agreement that ap-

pellees will be liable to individuals for torts committed by Sriver. There is no statute in this state authorizing suits upon such bonds by a person who alleges that he has been wrongfully attacked by the principal in the bond. The ordinance of the city requiring appellee, Sriver, to execute a bond is not before the court. It will therefore be assumed that there is nothing in the ordinance specifically making the appellees liable to a third person. Ordinarily the bondsman is only liable for a breach of the conditions named in the bond. If the principal exceeded the authority vested in him and committed a trespass upon a third party, there would be no liability upon such bond as against either the principal or the surety.

The general rule is that the engagement of the surety upon an official bond extends only to the failure of duty in respect to official acts to be performed by virtue of the trust reposed in the officer. These general principles have been recognized by the courts of this state. In *Hawkins et al.* v. *Thomas* (1891), 3 Ind. App. 399, 29 N. E. 157, an action was filed against a United States marshal and his bondsman for a trespass committed by a deputy marshal. The principles involved in the case at bar are discussed at length in that case and it is held that there is no liability upon the marshal's bond. Many authorities are reviewed.

Also see *Granger et al.* v. *Boswinkle* (1912), 50 Ind. App. 114, 96 N. E. 208. This was an action upon a bond of a justice of the peace based upon an unlawful trespass of a special constable, under an act which made the justice liable upon his bond for the acts of a special constable. The special constable is alleged to have used more force than was necessary in making an arrest, but the court held that the action was *ex contractu,* and that the alleged trespass of the special constable did not fall within the terms of the justice's bond, which was conditioned to the faithful discharge of his duties, notwith-

standing the statute making him and his bondsman liable for the acts of his special constable.

*State ex rel.* v. *Stout* (1901), 26 Ind. App. 446, 59 N. E. 1091, is an action upon the official bond of a township trustee involving some of the principles herein considered. In a discussion of the question at page 464, the court said:

> "Where the suit is not against a defendant individually, but is upon his official bond, that instrument must furnish the measure of his liability, which is identically the same as that of his sureties."

It was held that there was no liability upon the bond.

It has been held that an action against a principal and surety upon a bond must be good as against the surety in order to warrant judgment against the principal. *State ex rel.* v. *Reichard* (1915), 59 Ind. App. 338, 109 N. E. 438.

Among authorities cited on page 342 of that case is *State ex rel.* v. *Flynn* (1903), 161 Ind. 554, 69 N. E. 159. At page 562, in discussing liability upon official bonds, the court said:

> "When a public officer is sued upon his official bond the liability of the obligors must, under the law, be brought clearly within that instrument, and the liability of the principal is identically the same as that of his sureties." (Citing authorities.)

A patrolman or policeman may use more force than is necessary in making an arrest or may grossly abuse his authority in an attack upon a defenseless person and would be liable individually for a tort. However, that is different from the case at bar where the relator is relying and basing his action strictly upon a breach of the patrolman's bond and upon the theory that the principal and surety are liable upon the contract for the alleged tort.

It is clear that the legislature in enacting Chapter 129 of the Acts of 1905 provided that the city council may require a patrolman to execute a bond payable to ▪ the city for the faithful performance of the duties and for the payment to the proper person of moneys received. The statute limited the obligation of faithful performance to the city. There is no indication in the statute nor in the bond that it is the intent or purpose to make the policeman and his surety liable upon the bond for torts committed upon a stranger to the contract.

The relator is not a privy to the contract or its consideration. The weight of authority of the courts of this country is to the effect that where a peace ▪ officer's bond is given to the city, conditioned upon his faithful performance, no action can be maintained by a stranger to the contract or bond to recover for injuries alleged to have been received by him at the hands of such peace officer. Where such liability has been upheld it is based upon some statute or ordinance expressly providing for liability due a third person.

A number of decisions have been rendered by courts under statutes or ordinances similar to the Indiana statute wherein an individual sought to recover damages from a policeman and his bondsman on account of a malicious assault, and it has been held a number of times that such liability does not lie. Without citing individual cases attention is directed to *Carr* v. *Knoxville Use of Monday* (1921), 144 Tenn. 483, 234 S. W. 328, 19 A. L. R. 69, Annotation at page 73. This annotation reviews the authorities upholding and denying such liability. The majority of the courts follows the rule that a person maliciously attacked by a policeman can not maintain an action upon his bond. The better reasoning supports that rule. He is left to a personal

action against the policeman. So far as the decisions in this state have gone, Indiana is placed with the majority rule.

The demurrer to the appellant's complaint was properly sustained.

Judgment affirmed.