METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK ET AL. *v.* STATE EX REL. BRAY, ADMINISTRATRIX.

[No. 15,429.  Filed October 14, 1937.]

*Noel, Hickman, Boyd & Armstrong,* and *Paul R. Schnaiter,* for appellants.

*Donald R. Bear,* and *Lemen & Cooper,* for appellees.

CURTIS, J.—This was an action by the relator on the police patrolman's bond of John Dalgleish, one of the appellants, as principal and the Metropolitan Casualty Insurance Company of New York, the other appellant, as surety, for damages for the death of the relator's decedent. The bond was in the penal sum of one thousand dollars, running to the City of Madison, Indiana. We set out the body of the bond as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we John Dalgleish, of the County of Jefferson, and State of Indiana, as Principal, and The Metropolitan Casualty Insurance Company of New York, as Surety, are held and firmly bound unto the City of Madison, Indiana, in the penal sum of ONE Thousand and 00/100 Dollars ($1,000.00) for the payment of which sum, well and truly to be made we do by these presents firmly bind ourselves, our executors and administrators.

Sealed with our seals and dated this 7th day of January, 1930.

"THE CONDITION OF THIS OBLIGATION IS, That, whereas, the above bound John Dalgleish, was on the 6th day of January, 1930, duly appointed to fill the office of Patrolman in and for said City of Madison, Indiana, for the term of four (4) years from January 6th, 1930, and until his successor is appointed and qualified:

"NOW, if the said John Dalgleish shall well, truly and faithfully discharge the duties of his said office, and pay over according to law, all moneys that may, by virtue of his said office, come into his hands, then this bond shall be null and void, otherwise to remain in full force and effect in law.

"IN WITNESS WHEREOF, WE HAVE hereunto set our hands and seals the day and year above written."

The above bond was alleged to have been given in pursuance of an ordinance of the said city of Madison. Both the bond and ordinance are set out in the complaint. That part of the ordinance which relates to the matter in controversy is as follows: "And such members of the police force, and each of them, shall at the same time, make, sign, execute and deliver to the City Clerk, a good and sufficient bond, in the penal sum of Five Hundred Dollars ($500.00) conditioned for the faithful performance of the duties as such policeman, and for the payment at the proper time of all money, and the delivery of all money and property received as such, into the hands of the persons or authorities entitled to receive same, which bond is subject to the approval or rejection of the Mayor of said City."

The amended complaint was in two paragraphs, each substantially the same. Among the allegations is the following in substance: That on or about the 27th day of March, 1932, one Virgil Bray, son of appellee, relatrix, was driving an automobile at about 11 o'clock p. m. in the city of Madison, Indiana; that the appellant

John Dalgleish, together with another patrolman, was patrolling the streets of the city of Madison, Indiana, in a police car in pursuance of his duties as such policeman; that while said appellant was so patrolling the streets, in company with said other patrolman, said officers saw the said Virgil Bray and followed him, and that soon afterwards he increased his speed until he was travelling at a rate of speed in excess of the speed limit of the city of Madison and the State of Indiana; that said officers followed the said Bray on account of such violation of the speed laws beyond the city limits of the city of Madison; that they were unable to catch up with him for the purpose of arresting him, and that when they reached a distance of about one mile outside the city limits of the city of Madison, the appellant John Dalgleish acting in his capacity of patrolman in and for the city of Madison, wrongfully, recklessly and negligently and in an effort to apprehend the said Virgil Bray, fired at him, striking him in the back of the head, causing a wound from which death resulted.

Both appellants filed a separate demurrer to each of the two paragraphs of the amended complaint. Each demurrer was overruled with a proper exception, whereupon the appellants elected to stand upon the said rulings on the demurrers and refusing to plead further, the court rendered judgment in favor of the appellee and against the appellants in the sum of Five hundred dollars ($500.00). It is from this judgment that this appeal was prayed and perfected. The error assigned and relied upon is the rulings upon said demurrers.

Since this appeal turns upon the question of the right of the relator to sue upon the bond in question we do not deem it necessary to set out the complaint in more detail. Specifications 4, 5, and 6 of the memorandum filed with the demurrer are as follows:

"4. The complaint shows upon its face that the bond in suit is not an official bond, and is not for the benefit of persons not named therein.

"5. Plaintiff's complaint shows upon its face that the bond in suit is not payable to plaintiff, and is not taken pursuant to any statute of the State of Indiana, and is not an official bond running to the benefit of third parties not named therein.

"6. Plaintiff's complaint shows upon its face that the bond in suit is made for the sole protection and benefit of the City of Madison in its corporate capacity, and not in such manner as to make it available to third parties injured by the acts of the principal while performing his duties as patrolman of the City of Madison."

In the appellants' brief under their propositions, points and authorities they present four propositions as follows:

### "PROPOSITION 1

"The bond sued on runs only to the City of Madison, Indiana, and no right of action thereon existed in favor of the appellee or the relatrix for the death of relatrix's decedent."

### "PROPOSITION 2

"No action for wrongful death can be maintained against a surety on the bond of a police officer."

### "PROPOSITION 3

"There can be no liability on the bond because the second amended complaint shows on its face that appellant Dalgleish was not acting as a police officer of the City of Madison in causing the death of Bray."

### "PROPOSITION 4

"Regardless of the tort liability of appellant Dalgleish his liability on the bond is the same as that of the surety."

The appellants are correct in their first proposition.

A recent Supreme Court decision which neither the trial court nor either party had the benefit of when this case was tried, appealed, and briefed is decisive of this appeal and fully sustains the appellants' first proposition. The pleadings bring the instant case within the principles announced in the case to which we have above referred. See: *State of Indiana ex rel. Raymond Abdiehl v. Willis H. Sriver and National Surety Company* (1936), 210 Ind. 129, 1 N. E. (2d) 579.

It therefore becomes unnecessary to discuss appellants' propositions 2, 3, and 4.

The judgment is reversed with instructions to the trial court to set aside its former judgment, sustain the said demurrers to the amended complaint and for further proceedings not inconsistent with this opinion.